# PROUT *vs.* ROBERTS' ADM'R.

[BILL IN EQUITY FOR RESCISSION OF CONTRACT ON GROUND OF FRAUD.]

1. *When purchaser may rescind for fraud.*—If the vendor conceals a known and material defect in his title or incumbrance on it, and thereby induces the purchaser to make the contract, this is a fraud, for which the purchaser may claim a rescission of the contract in equity, though he has received a deed with covenants of warranty.
2. *Weight of contradicted answer as evidence.*—An answer, contradicted in a material point, loses all weight as evidence.

APPEAL from the Chancery Court of Franklin.
Heard before the Hon. JOHN FOSTER.

THIS bill was filed by James Roberts in his life-time, and was afterwards revived in the name of his administrator. Its object was to obtain the rescission of a contract, by which said Roberts purchased certain lands from one H. W. Prout, and an injunction to restrain the collection of the notes for the purchase-money, which had been transferred to one James D. Long. The chancellor, on final hearing, rendered a decree in favor of the complainant, which is now assigned as error by the defendants.

JOHN A. NOOE, for the appellants.
WILLIAM COOPER, *contra.*

STONE, J.—A vendor, who conceals from his vendee a known and material defect in, or incumbrance on his title, and thereby induces him to purchase, is guilty of a fraud, for which the vendee may claim a rescission of the contract.—Cullum v. Branch Bank, 4 Ala. 21; Harris v. Carter, 3 Stew. 233; Young v. Harris, 2 Ala. Rep. 108; Greenlee v. Gaines, 13 Ala. R. 198; Bonham v. Walton, 24 Ala. 513; Gressett v. Foster, 29 Ala.; Lanier v. Hill, 25 Ala. 554; McLemore v. Mabson, 20 Ala. 137.

In such case, chancery will rescind on timely application, even though the contract be evidence by deed, with

covenants of warranty, covering the defect of title in the concealment of which the fraud was perpetrated.—Cullum v. Branch Bank, *supra ;* Williams v. Mitchell's Adm'r, 30 Ala.; Read v. Walker, 18 Ala. 323.

Whether it is necessary, in any case, for a vendee who seeks a rescission of a contract for the purchase of land, on the ground of fraud, to abandon the possession before he files his bill, we need not in this case determine. The purchaser in this case did abandon the possession, within a reasonable time after he discovered the fraud, and before he instituted his suit for rescission.—Wray v. Furniss, 27 Ala. 471.

The bill alleges, that, at the time complainant purchased the lands in controversy, the most valuable portion of the tract—that on which the mill stood, and which formed the chief inducement to the purchase—was the subject of an incumbrance in favor of Westmoreland; that the existence of this incumbrance was known to H. W. Prout, the vendor; and that "fraudulently, and with intent to cheat and wrong and defraud your orator, he kept the facts concealed from your orator," and represented that he could make a good and sufficient title in fee simple. Complainant further avers, that he "was wholly unapprised of the true state of facts at the time he made the purchase."

The answer does not deny complainant's ignorance of this incumbrance, but admits it by strong implication, by denying that he, Prout, had any knowledge of the *deed of trust* referred to. He does not, however, deny that he knew of the existence of Westmoreland's judgment. His attempt to relieve the land of the incumbrance created by this judgment, by establishing a transfer of the land by deed, is not to us satisfactory. He also sets up a satisfaction of that judgment, under the agreement to pay $500 and the fees due the attorney; but the proof shows that this agreement was violated, and nothing paid under it.

The witness Westmoreland proves, positively, that H. W. Prout did know of the deed of trust to him, before he (Prout) sold to Roberts. Witnesses Matthews and Bul-

lard strongly corroborate the evidence of Westmoreland; and the relations which the two Prouts sustained to each other, and to this property, coupled with the well established fact that P. H. Prout knew of the deed of trust to Westmoreland, constrain us to hold, that the answer of Prout in this, its most important particular, is overturned by the proof.

Looking at this entire record, we do not entertain a doubt that Roberts was induced to make this purchase by the fraudulent concealment on the part of H. W. Prout of an incumbrance on the property, in amount almost equal to the value of the property itself. Neither can we doubt that the mill, and the quarter section of land on which it stood, were the chief inducement to the purchase; and that, without that quarter, the other lands are of little or no value.

[2.] It is alleged for appellant, that there is a fatal variance between the contract set out in the bill, and that set up in the answer; that the answer is responsive to the bill, and is not disproved by the requisite measure of proof. The reply to this is, that the answer being disproved in its most material point—a point in which it is difficult to believe the defendant could be honestly mistaken—it loses all weight as evidence, and stands only as a pleading necessary to form the issue.—See Pharis v. Leachman, 20 Ala. 662; Gunn v. Brantley, 21 Ala. 633. Under this rule, the evidence of Chancellor Townes sufficiently proves the contract, substantially as alleged in the bill.

Neither the answer of Long in this case, nor the proof, makes a case for the application of the rule asserted in the 5th head-note to Lanier v. Hill, 25 Ala. 554.

We deem it unnecessary to notice any other questions presented in the argument. The decree of the chancellor is affirmed, with costs.