WILLIAM C. HATCHCOCK, *Appellant,* v. SOCIETE ANO-
NYME LA FLORIDIENNE, J. BUTTGENBACH & COM-
PANY AND OTHERS, *Appellees.*

1. One must be active and diligent in the assertion of a claim
   for the specific performance of a contract for the sale of land.

2. When the conditional grantor promptly repudiates the con-
   tract, and the conditional grantee out of possession delays for
   more than three years an attempt to enforce the contract for
   the sale of lands of fluctuating value, the unexcused delay will
   be fatal to a bill for specific performance.

This case was decided by Division A.

Appeal from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the
court.

*R. L. Anderson,* for appellant;

*Cooper & Cooper, Richard McConathy* and *R. A.
Burford,* for appellees.

· COCKRELL, J.—Hathcock on May 24. 1907, filed his
bill for specific performance of an alleged contract of
sale of phosphate lands formerly owned by Tower &
Shaw, a partnership, and subsequently sold to the So-
ciete Anonyme through Edward Holder, all of whom
were made parties defendant.  Decrees *pro confesso* were
entered against Tower & Shaw, but the separate demur-
rers of the Societe Anonyme and of Holder were sus-
tained and the bill of complaint dismissed as to them.
From this decree the complainant appeals, naming all
the defendants in the appeal.

The grounds of demurrer were want of equity and

laches, and as the latter ground is in our opinion fatal, we need set forth only so much of the bill as bears materially upon this defense.

It appears that on the sixteenth day of November, 1903, the contract was executed under seal by the individuals composing the partnership whereby for the recited consideration of one dollar Tower & Shaw agreed to convey the land in question with full warranty, and free from encumbrance to Hathcock for the sum of "thirty thousand dollars to be paid ten thousand dollars in cash, balance in two notes, due one and two years after date, against the delivery in escrow with notes, and we agree to furnish to the attorney of said Hathcock evidence of our complete title to said lands, and our rights to use the streets of Dunnellon, adjoining said lots, and give said attorney a reasonable time in which to examine and report on the title." This instrument was acknowledged and filed for record on the same day.

The bill further alleges that four days thereafter the complainant tendered the ten thousand dollars and offered to execute and deliver the notes, and demanded the execution and delivery in escrow of the deed of conveyance, but the offer and demand were then and there declined and refused and that at divers other times prior to June 10, 1904, he demanded the performance of the contract which was ever refused.

On the 6th day of January, 1904, one of the partners notified Hathcock by letter that they would not perform the said contract, and on the 10th day of June, 1904, they sold the lands excepting a few lots to the defendant Holder, who on October 14th, 1904, sold to the Societe Anonyme. Beyond notifying Holder and the Societe Anonyme prior to the sale that he claimed under the contract and intended to assert and enforce his rights

thereunder, nothing further seems to have been done by Hathcock until shortly prior to May 24, 1907, when this suit was begun, he entered upon possession of the land, which was vacant and unoccupied phosphate land and enclosed it with a fence.

It appears that the holder of the option, for which was paid at most the mere nominal consideration of one dollar, on this valuable tract of phosphate land, a value fluctuating rapidly with the rise and fall of the market for phosphate rock, waited three years and a half after being positively and firmly placed on notice that the option was repudiated and denied before taking steps to enforce that right. The only excuse or palliation of the laches offered is that being advised of the negotiations with Holder several months after the contract, he notified Holder before that negotiation was consummated in a sale that he intended to assert his rights under the contract, and further that he was advised by counsel that no suit for specific performance of the contract would lie until the expiration of two years from the date of the contract. Neither excuse suffices. As to the first nearly three years of unexplained delay followed the assertion that he intended to enforce his rights under the contract and it is difficult to see how, under the facts recited, the absolute repudiation of the contract five days after the making, and the clear obligation in the contract, if the contract ever had binding effect, to execute the deed when demanded, it could be interpreted to postpone for two years the right to have that deed executed and placed in escrow. Had the complainant relied on this most liberal interpretation of the contract, we can find no excuse for waiting eighteen months or more thereafter before taking action.

This court has uniformly and repeatedly held that to

entitle one to a specific performance of a contract for the sale of land, resting as it does in the sound reasonable discretion of the court, not a relief of absolute right, he must be active and diligent in the assertion of his claim or it will be presumed he has abandoned any equitable right he might have had.

In Knox v. Spratt, 23 Fla. 64, 6 South. Rep. 924, it was held that an unexcused delay of two years and seven months was fatal to the relief. In Chabot v. Winter Park Co., 34 Fla. 258, 15 South. Rep. 756, one year and four months after notice from the conditional vendor to perform, was decided to be such lapse of time as to preclude the vendee from enforcing his equity. See, also, Asia v. Hiser, 38 Fla. 71, 20 South. Rep. 796. These cases are not overruled by Tate v. Pensacola, Gulf, Land & Development Co., 37 Fla. 439, 20 South. Rep. 542, S. C. 53 Am. St. Rep. 251, but are distinctly recognized as stating the law correctly. The Chabot case, which is founded largely upon Knox v. Spratt, is quoted at some length. In the Tate case the conditional vendee was placed immediately in possession by his vendor and retained possession for years asserting and exercising all rights therein so that only the bare legal title remained in the vendor. There could, therefore, be no presumption from mere lapse of time that he had forfeited his equitable right.

The demurrer tested the allegations of the bill as to the promptness with which the complainant was attempting to assert this peculiar equity and so tested the bill does not make out a case. The pleader stated himself out of court and the decree upon the demurrer was proper.

We are not, therefore, called upon and do not decide as to the sufficiency of the consideration,—see Maloy v.

Boyett, 53, Fla. 956, 43 South. Rep. 243, nor of the terms of the contract under the statute of frauds.

The decree is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.