WILLIAM NOBLES, *Appellant*, v. CLAUDE L'ENGLE *et al.*, *Appellees*.

1. If there is no adequate remedy at law and a contract to convey land is valid, definite, complete and capable of being mutually enforced with practical and just results, and the complainant is not in laches and is not estopped by judgment or by matters *in pais*, and there is no countervailing equity, the contract may be specifically enforced according to its valid purpose upon such equitable terms as the facts will warrant.

2. The specific performance of a contract for the sale of land is not a matter of right, but rests in the sound reasonable discretion of a court of equity.

3. Where a party is not reasonably diligent in asserting his claim for specific performance of a contract for the sale of lands, the delay may render it inequitable to enforce his claim, though it is otherwise meritorious.

4. A delay of more than three years after eviction to bring suit for specific performance of a contract to convey land, will bar the relief, where the contract is not of record and several conveyances of the property have been made after the eviction though with notice of the contract and there are other circumstances that altogether make specific performance inequitable.

This case was decided by Division A.

Appealed from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*P. H. Odom; Jackson, Nixon & North,* for Appellant;

*Young & Adams,* for Appellees.

WHITFIELD, C. J.—The bill of complaint herein alleges in substance that in 1894, the complainant went into possession of and put improvements upon lands under a contract of lease for a period of seventy-one years for a stated quarterly rental in advance and the payment by the lessee of all taxes on the lands, "subject to eviction, and to abrogation of this agreement at will of lessor after thirty days default of either rent or taxes." The lessor covenanted that "upon the faithful performance of the above

conditions by the" to "to execute and deliver to him * * * at any time within the period limited above a good title in fee to the land described herein upon payment * * * of four hundred dollars." There was no express promise by the lessee to pay the rent or the purchase price. The rent and taxes were duly paid as agreed to April 1st, 1904, when the quarterly rent in advance was paid for the then ensuing quarter. About May 1st, 1904, the lessee through an agent tendered the purchase price and demanded a conveyance to him of the title as agreed. The successors in title to the lessor, by agent, refused to make the title and notified the lessee "that they would receive no more money on the place, meaning said lands, until such time as they would disseize complainant in the premises, thereby totally disregarding complainant's rights in the premises." The lessee "did not pay or tender any further payments of rents under said agreement, but stated several times to the lessor's agent "that he stood ready to pay him" the purchase price at any time a conveyance would be made as agreed. The lessee "was permitted to remain unmolested in the enjoyment and possession of the said lands * * * until January, 1906," when proceedings were instituted in the court of the County Judge to oust him as a delinquent tenant. The lessee "was adjudged to be in default and in arrers of rent * * * and held to be unlawfully detaining the premises." Thereafter the lessee was put out of possession by an agent of the lessors. While the lessee was in possession the lessors mortgaged some of the land, and on October 5, 1908, more than two years after the lessee was ousted, the lessor conveyed the land by warranty deed to other parties having notice, who in September, 1909, conveyed them to other grantees having notice of the complainant's equities. On November 26th, 1909, this suit

for specific performance was brought. Demurrers to the bill of complaint were sustained, August 31, 1910, and a final decree consequent thereon was rendered October 10th, 1910, from which complainant appealed. One of the grounds of the demurrer interposed by the lessor who refused to comply with the agreement to convey, was the laches of the complainant in bringing the suit. If the complainant's equities are affected by laches it operated in favor of all the defendants.

The positive refusal by the defendants to perform the agreement to convey was made in May, 1904, the complainant was put out of possession, perhaps illegally, in January, 1906, or soon thereafter, and this suit was not begun till November 26, 1909, after two transfers of the property had been made in 1908 and in 1909, with notice of the complainant's equities.

If there is no adequate remedy at law and a contract to convey land is valid, definite, complete and capable of being mutually enforced with practical and just results, and the complainant is not in laches and is not estopped by judgment or by matters *in pais,* and there is no countervailing equity, the contract may be specifically enforced according to its valid purpose upon such equitable terms as the facts will warrant.

The specific performance of a contract for the sale of land is not a matter of right, but rests in the sound reasonable discretion of a court of equity. Chabot v. Winter Park Co., 34 Fla., 258, 15 South. Rep., 756, 43 Am. St. Rep., 192. Where a party is not reasonably diligent in asserting his claim for specific performance of a contract for the sale of lands, the delay may render it inequitable to enforce his claim, though it is otherwise meritorious. See Hathcock v. Societe Anonyme La Floridienne, 54 Fla., 631, 45 South. Rep., 481, and cases cited.

The complainant remained in possession of the land nearly two years after tendering the agreed purchase price, without paying rent under the lease, and without bringing suit for specific performance, the lessor having refused to convey as agreed. The contract of lease and option to purchase was not recorded, and the lessee was ousted after an adjudication of delinquency as a tenant, but he delayed more than three years, and until after the lands had been conveyed, though with notice, in 1908, to other persons, and by them conveyed with notice in 1909 to still other parties, before bringing this suit for specific performance. This shows unexcused laches that destroys the complainant's equity. Time was given to amend the bill, but it was not done and no excuse for the delay is shown. These general observations apply to all the lands in controversy though the circumstances as to all are not entirely similar.

This case is unlike that of Nobles v. L'Engle, 58 Fla., 480, 51 South. Rep., 405, where the delay in bringing the suit was about two and a half years and there had been no transfers of the property. Here the complainant was notified in May, 1904, when he tendered the purchase price, that a conveyance of the land as agreed would not be made. It does not appear that the complainant made any effort to have his contract enforced while he was in possession of the lands after the defendant refused to comply with his contract to convey. He was evicted about January, 1906, and did not bring this suit till November 26, 1909, after two transfers of the property with notice of complainant's equities had been made. Apparently the complainant had equities for specific performance, but his laches in bringing suit renders it inequitable to give that relief now. See Knox v. Spratt, 23 Fla., 64,

6 South. Rep., 924; Hathcock v. Societe Anonyme La Floridienne, *supra.*

The decree is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.