528 So.2d 116 (1988)
Stephen W. HEMBREE, J.D. Hembree, and Sundance Construction Company of Tallahassee, Appellants,
v.
Margaret BRADLEY, Appellee.
No. 87-358.
District Court of Appeal of Florida, First District.
July 13, 1988.
Cathi C. O'Halloran, of Pennington, Wilkinson and Dunlap, Tallahassee, for appellants.
No appearance for appellee.
JOANOS, Judge.
Appellants Stephen W. Hembree, J.D. Hembree, and Sundance Construction Company, appeal the trial court's order granting summary judgment on Count One of appellee's complaint seeking specific performance of a contract for sale and purchase of real property. The issues raised in this appeal concern the propriety of summary judgment in light of appellants' affirmative defenses, disputed issues of fact concerning the nature of the transaction, *117 and an absence of mutuality of remedy. We reverse.
Prior to entering into the agreement which is the subject of this appeal, appellant Sundance Construction Company (Sundance) was owner of three undeveloped lots located in Tallahassee, Florida. Appellants J.D. Hembree and Stephen (father and son), are the principals of Sundance. The Hembrees and Sundance were engaged in the business of construction and development, and were in need of funds to maintain operations. Sundance had depleted its lines of credit with the conventional lenders with whom it normally did business. J.D. Hembree asked a friend active in the real estate finance business to be alert to other potential sources of funds. During the fall of 1982, Hembree was given the name of a lawyer in Orlando who purportedly knew of an individual, Margaret Bradley (Mrs. Bradley), willing to make the loan appellants required.
Mrs. Bradley visited Tallahassee to look at the property Sundance proposed to offer as collateral. Subsequently, she agreed to make the loan, and a closing date was set. The closing was held in the office of the Orlando attorney. The affidavit submitted by J.D. Hembree reflects that up until the closing, all discussions concerning the transaction were in terms of a loan of capital for the business. At the Orlando closing, J.D. Hembree found the attorney had prepared a warranty deed from Sundance to Mrs. Bradley for the lots Sundance agreed to give as collateral. On October 27, 1982, Mr. Hembree signed the deed, a closing statement which reflects that Mrs. Bradley paid $40,000 for the property, and a contract to buy back the property in one year for $50,000. A penalty clause was written into the contract requiring appellants to pay the additional sum of $1,000 per month from October 29, 1982, through the date of payment, in the event of default.
Appellants were financially unable to repurchase the land as required by the contract. They discussed alternate payment plans with Mrs. Bradley during February or March, 1985, but Mrs. Bradley was unwilling to accept any alternate terms. On January 13, 1986, Mrs. Bradley filed a three-count complaint, seeking: Count I  specific performance of the October 27, 1982, contract for sale and purchase; Count II  damages of $1,000 per month dating from date of the original contract, pursuant to an addendum to the contract; Count III  damages because of storm water run-off damage to the property deeded to Mrs. Bradley. Appellants answered, and raised affirmative defenses of laches, usury, unclean hands, waiver, and estoppel. In addition, appellants counterclaimed for rescission of the contract for sale and purchase, based upon the theory that the debt was unenforceable as a usurious loan.
Thereafter, Mrs. Bradley moved for a summary judgment as to all counts of the complaint. Appellants filed affidavits in opposition to the motion for summary judgment, together with a motion for leave to amend the affirmative defenses formerly filed, to refer specifically to the one-year statute of limitations. Following a hearing on the motion for summary judgment, the trial court granted summary judgment as to Count I of the complaint, but denied summary judgment with respect to Counts II and III. Appellants filed motion for reconsideration and clarification of the ruling, in light of their affirmative defenses and the existence of disputed issues of fact. The trial court denied rehearing.
Summary judgment is not warranted unless the moving party conclusively demonstrates the absence of any genuine issue of material fact. If the evidence is conflicting, or "it will permit different reasonable inferences, or if it tends to prove the issue, it should be submitted to the jury as a question of fact to be determined by it." Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985). See also Williams v. Bevis, 509 So.2d 1304, 1306 (Fla. 1st DCA 1987); Taylor v. Kenco Chemical & Manufacturing Corporation, 465 So.2d 581, 586 (Fla. 1st DCA 1985).
When specific performance of a contract is the remedy sought on a motion for summary judgment, it is axiomatic that the contract must be valid, as well as fair and just in all its terms. 71 Am.Jur.2d Specific Performance § 5 (1973). Furthermore, specific performance of a contract for sale *118 of land will be decreed only if the contract is capable of being mutually enforced with results that are just and practical, the moving party is not guilty of laches and there is no countervailing equity against him, and there is no adequate remedy at law available to him. Shirley v. Lake Butler Corporation, 123 So.2d 267, 270 (Fla. 2d DCA 1960), citing Nobles v. L'Engle, 61 Fla. 696, 55 So. 839 (1911).
Specific performance of a contract may also be denied if the terms of the agreement suggest the transaction is a loan disguised as a contract for purchase and sale of real property. In such circumstances the court will examine the legality of the terms of the loan. Should that examination reveal that interest in excess of eighteen percent per annum has been charged for a loan, advance of money, or other obligation, the entire interest will be forfeited and only the principal can be enforced. § 687.03(1), Fla. Stat. (1985). Interest at a rate exceeding twenty-five percent per annum is criminally usurious, and a loan carrying such a rate of interest is not enforceable in the courts of this state. § 687.071(7), Fla. Stat. (1985). See, generally, Bermil Corporation v. Sawyer, 353 So.2d 579, 583 (Fla. 3d DCA 1977), in which a sale-option to repurchase agreement was deemed a camouflaged attempt to extract greater than the legal rate of interest from Bermil Corporation, at a time when it was under great financial pressure.
After an examination of the pleadings, affidavits, transcript of the hearing on the motion for summary judgment, and other relevant documents filed in this case, we conclude that the grant of specific performance of the contract was improper. Accordingly, we reverse the appealed order which granted summary judgment as to Count I of the complaint, and remand for further proceedings consistent with this opinion.
SMITH, C.J., and ZEHMER, J., concur.