JOHN J. KNOX, COMMISSIONER, AND GEO. WHEATON DEANS, ADMINISTRATOR, APPELLANTS, VS. L. W. SPRATT AND W. B. BARNETT, APPELLEES.

1. When A. makes a contract for sale of real estate with B., having at the time of said contract only a limited interest in the property sold, the contract not being objectionable under the Statute of Frauds, B. is entitled in equity to compel A. to convey so much of said real estate as lies in his power to convey with compensation by deduction from the agreed price, for the residue of said property, which A. has no power to convey.

2. But B. has no such right, if at the time of sale he had notice that there was a defect in the title of A.

3. A specific execution of a contract for the sale of lands is not the right of either party to such contract, but rests in the sound and reasonable discretion of the court.

4. A purchaser seeking the aid of a court of equity to enforce a specific execution of a contract for the sale of lands must show that he has acted with promptness and diligence; while time is not of the essence of the transaction an unreasonable delay in the assertion of his rights not satisfactorily accounted for will be considered in equity as an acquiescence in the refusal of the other party to the contract to convey and as an abandonment of his equitable rights. "A court of equity will not allow of a delay which would enable the purchaser to *take advantage of a turn in the market and have the contract performed only in case it suited him.*"

Appeal from the Circuit Court for Duval county.

The original opinion in this case was delivered at the January term, 1885; upon petition of appellees a rehearing was granted, and the opinion upon re-hearing was delivered at the January term, 1887.

The facts of the case are stated in the opinion and in the case of Knox *et al.* vs. Spratt and Barnett, 19 Fla., 817.

*Geo. Wheaton Deans* for Appellants.

*Randall, Walkers & Foster* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

All the facts of this case are set out *in extenso* in 19 Fla., 817, when this case was before this court at January term, 1883. The complainant, after said adjudication, amended his bill by striking out the co-complainant, Barnett, and amending the prayer of the bill. The prayer of the original bill was to compel the defendant, Knox, Commissioner of the Freedman's Saving and Trust Company, to specifically perform a contract for the sale of lot 8, in block 31, in the city of Jacksonville, and to restrain said Knox and Geo. W. Deans, administrator of Foreman, from further

prosecuting suits in ejectment instituted by them for the recovery of said property. The prayer of the amended bill is for a performance of the contract by Knox as Commissioner as aforesaid, as to an undivided four-ninths interest in said lot No. 8, the amount of the interest which the bill alleges is vested in said Knox as Commissioner, with proportionate reduction of price, and for an injunction restraining said Deans and said Knox from further prosecuting their said suits of ejectment for the recovery of said property.

To this amended bill the defendants demurred. The court overruled the demurrer and defendants appealed.

It seems to be now settled that the enforcement of a specific execution of a contract is not a matter of right in either party but a matter of sound reasonable discretion in the court. Story's Eq. Jur., sec. 742 ; Blackwelder vs. Loveless, 21 Ala., 371. And the court uniformly refuses to decree a specific performance except in cases where such decree would be strictly equitable. Ib. The doctrine that in case the vendor is unable to comply with the contract by reason of not having a legal title to all the land sold, yet that the vendee is entitled to a specific performance of the contract for such as lies in the power of the vendor to convey with compensation for the residue, is undoubted. This principle, however, is qualified in its operation and cannot be invoked by a purchaser who at the time of the making the contract had notice of the fact that the vendor had a limited interest in the land. See White & Tudor's Leading Cases, p. 1071, Vol. 2, Pt. 2, and cases there cited.

In this case notice was given at the time of the sale that there was a deficit in the claim of title which the company would remove. With this konwledge the purchaser does not come within the rule laid down " that in equity the purchaser, though he cannot have a partial interest forced

upon him, yet if he entered into the contract *in ignorance of the vendor's incapacity to give him the whole* he has a right to insist that the vendor shall convey to him so much as is in his power to'do." The complainant's bill admits that he had the notice, and he is therefore not such a purchaser as equity will aid in demanding a performance of part of the contract with compensation for the residue. Adams' Equity, p. 90.

Aside from this consideration there is another that would constrain us in the exercise of a sound and reasonable discretion to refuse to the complainant the relief sought. The sale was made on the *25th of March, 1882.* The complainant files his bill on the *6th of November, 1882.* The bill shows no reason for this long delay, although time is not of the essence of the contract, yet if the complainant is not active and diligent in the assertion of his claim, and permits an unreasonable time to elapse, it will be presumed that he has acquiesced and has abandoned any *equitable right* he might have had to enforce the contract. In the case under consideration the complainant waited two years and seven months and he shows no reason why he delayed so long to file his bill. In Watson vs. Reed, 1 Russell & Mylne, p. 236, the plaintiff, who was the vendor, did not file his bill for specific performance until about one year afterward. The bill was dismissed on one ground, that the plaintiff had unreasonably delayed filing it. In the case of Gentry vs. Rogers, 40 Ala., 442, the plaintiff, though notified two years before the time for performance that the defendant would not perform the contract, waited *nine months* after the time when the contract should have been performed before filing his bill. "In such cases, though time be not of the essence of the contract, a court of equity will not allow of a delay which would enable the party to take advantage of the *turn in the market* and have the contract

performed *only in case it suited him.*" Ib.  This is the rule in cases where there is no question as to the power of the vendor to convey all the property sold. Its applicability is stronger when the vendor can only convey part of the property, which he cannot compel the vendor to accept, but which the vendee can compel the vendor to convey to him or not as he pleases. In a case so completely unilateral the vendee should permit no delay in making his election.

The demurrer should have been sustained and the bill dismissed.

A decree is here rendered that the injunction restraining said Knox and said Deans from prosecuting their respective suits in ejectment be dissolved and that the bill be dismissed, but without prejudice to the rights of said Spratt, either in law or equity, except in so far as the claim to specific performance is concerned.

Decree reversed.

Upon petition of appellees a re-hearing was granted, upon which the Chief-Justice delivered the opinion of the court :

A re-hearing was granted in this cause.  After a re-argument thereof, and a full consideration of the authorities submitted, the court sees no reason for changing its opinion.

Decree reversed.