**HENSLEY INSURANCE CO., a Florida Corporation, v. J. T. ECHOLS**

31 So. (2nd) 625                                   June Term, 1947
July 22, 1947                                     Special Division B
Rehearing denied September 7, 1947

*Herbert Wentworth,* for appellant.

*Macfarlane, Ferguson, Allison & Kelley,* for appellee.

TAYLOR, Associate Justice:

This is an appeal by the plaintiff below from an adverse judgment. The parties will for convenience be referred to herein as plaintiff and defendant.

The plaintiff, Hensley Insurance Company, sued J. T. Echols for a commission claimed to be due in connection with an uncompleted sale of certain land in Hillsborough County.

The decision is based upon a clause appearing in a purported written contract between the plaintiff, as relator, N. D. Howell and wife, as buyers, and John T. Echols, as seller, which contract provides in detail for the sale of described property by the seller to the buyer and contains the following language:

" . . . The Seller agrees to pay to said Realtor a sum equal to Five (5) % of the purchase price as commission. The right to said commission shall become fixed and final when the Seller and the Buyer shall have executed this contract of purchase and sale. . . . "

The sale was never consummated because of the refusal of defendant's wife to execute any papers on connection therewith.

The defendant filed several pleas, only two of which, numbered 2 and 3, were sustained against attack by demurrer. Replications to these pleas were filed and the Circuit Judge, by consent of the parties, tried the case without a jury and rendered judgment for the defendant.

Defendant's second plea alleges in substance that the property involved was the homestead of defendant and his wife; that plaintiff knew this and defendant told plaintiff that he could not sell the property without his wife's consent and that it would be necessary for plaintiff to obtain this consent in writing and that plaintiff failed to do so.

The lower court overruled demurrer to this plea. Even if this ruling was error, under the peculiar circumstances of this case, the error was harmless. As above stated the case was tried before the judge without a jury. The record shows clearly that the case was actually tried on the third plea and the finding of the court on the facts and its judgment were based upon the defense interposed by the third plea. This plea contained all the material allegations of the second plea and also the additional allegation that the contract was signed by plaintiff with the understanding that it would not be binding as between the parties until the same was actually signed by defendant's wife, and that she never signed it.

If the defense interposed by the third plea was sufficient and proven and was the basis of the court's judgment then, under the circumstances, the plaintiff was not injured by the presence in the record of the second plea, even if improperly there.

We think the third plea states a good defense.

Plaintiff's chief contention is that parol evidence is not admissible to prove a conditional delivery of a written instrument and consequently there was no admissible evidence to prove this plea.

The general rule is stated in 20 Am. Jur. Page 956, Sec. 1095, as follows:

" . . . A conditional delivery or execution of a writing may be shown by parol. . . . Parol evidence is admissible to show that a written contract, although manually delivered to the obligee therein named, was not to become a binding obligation except upon the happening of a certain event, such as an inspection and approval by the buyer of goods which are the subject matter of the sale. . . . "

This rule is suported by the great weight of authority. It is insisted, however, that the case of Haworth v. Norris, 28 Fla. 763, 10 So. 18, establishes a different rule in this state.

Whatever may be the strength of that decision in a transaction between strangers, we cannot apply it here.

Plaintiff was a real estate broker representing defendant and defendant was justified in reposing in it and its agents "the highest degree of trust and confidence." Ahern v. Florida Real estate Commission ex rel. N. B. O'Kelley, Jr., 149 Fla. 796, 6 So. 2nd 857.

The contract involved was primarily a contract between the buyers and sellers of the real estate. The provision for payment of commissions was entirely collateral to the main purpose of the contract. If, as contended, this document was manually delivered to the plaintiff to be by it presented to defendant's wife for signature and to become effective only upon such signature being obtained, the agent was without authority, legally or morally, to make delivery to the buyer or accept delivery for itself until this signature was obtained. Until the condition was met the possession of the document by defendant's agent was the defendant's possession. Use of the document for any other purpose before obtaining the wife's signature was a breach of trust and a violation of confidence properly reposed in the agent. The parol evidence rule does not prevent defendant's proving such a state of facts.

Much of the briefs and argument before this court revolve around the finding of the trial court as to whether the court granted a directed verdict for defendant or, acting as a jury, found for the defendant on the evidence. The transcript, as originally lodged in this court, indicates that a motion for a directed verdict was granted; yet, the accompanying remarks of the court, as shown by the stenographer's report, indicate a finding upon the evidence.

This question has been properly set at rest by an order of the trial court, entered after appeal, certified copy of which has been transmitted here, clarifying the record on this point.

Such an order is proper under Rule 11 (8) of this court. We hold that the record as now before us shows that the court denied all matters of law argued by defendant on its motion for a directed verdict and, acting as a jury, rendered a "verdict" or finding in favor of the defendant upon the evi-

dence offered in support of the defense interposed by the third plea.

The evidence is in sharp conflict and wholly irreconcilable. The trial court saw the witnesses and heard them testify. There is ample testimony to support his finding that the facts alleged in the third plea had been proven.

For the reason stated the judgment of the lower court is affirmed.

THOMAS, C. J., BUFORD and BARNS, JJ., concur.