118 So.2d 825 (1960)
PARADISE BEACH HOMES, INC., a Florida Corporation, Appellant,
v.
SOUTH ATLANTIC LUMBER CO., INC., a Florida Corporation, Appellee.
No. A-361.
District Court of Appeal of Florida. First District.
March 17, 1960.
*826 E.W. Gautier, New Smyrna Beach, for appellant.
Olsen & Byrd, Orlando, for appellee.
CARROLL, DONALD, Judge.
The defendant in this mortgage foreclosure suit has appealed from an adverse final decree entered by the Circuit Court for Volusia County.
The only question for us to decide on this appeal is whether the court committed reversible error in excluding certain evidence offered by the defendant at the hearing on the issues in this suit.
The appellee, plaintiff below, alleged in its complaint and proved at the hearing before the chancellor that on February 16, 1957, the appellee-defendant executed and delivered to the plaintiff as payee its promissory note for $4,714.96, and to secure the same executed and delivered to the plaintiff, as mortgagee, its mortgage covering certain real property owned by the defendant in Volusia County; that the defendant had paid $1,200 but refused to make any further payments on the said note and mortgage, leaving a principal balance of $3,514.96 due and owing from the defendant to the plaintiff, plus interest.
In its answer to the complaint the defendant alleged as its first defense that at the time of the execution of the note and mortgage, it was indebted to the plaintiff in the amount of $1,588.77, not $4,714.96, and that the mortgage was executed and delivered by mistake and upon the agreement of the parties thereto that the accounts between the parties would be adjusted as soon as the defendant's books were available and the indebtedness verified; that the principal sum the defendant owed the plaintiff when the suit was filed was $388.71.
In the seventh defense of its answer the defendant alleged that prior to February 16, 1957, the defendant had purchased various quantities of lumber from the plaintiff, and on that date the plaintiff represented to the defendant that it was in need of funds and could not borrow them without security, and requested the defendant to give the plaintiff a note secured by a mortgage on *827 real estate owned by the defendant; that neither the defendant nor the plaintiff had an accurate statement of their accounts and it was agreed that, if the mortgage was in excess of the amount owed by the defendant to the plaintiff, the defendant would be given credit on its note and mortgage; that, after the defendant executed and delivered the note and mortgage, it was determined that the defendant was indebted to the plaintiff in the sum of $1,588.71, and the defendant requested that the account between the parties be adjusted accordingly and the unpaid balance would be immediately paid in full; that the plaintiff failed and refused to adjust the said accounts and refused to accept the sum which was properly due it and thereupon instituted this foreclosure suit.
At the hearing before the chancellor the president of the defendant corporation admitted on the witness stand that on February 16, 1957, he, acting for the defendant, executed and delivered to the plaintiff the note for $4,714.96 and the mortgage securing the note.
Subsequent to this testimony, the defendant's president and its accountant-bookkeeper testified at length in substantiation of the first and seventh defenses of the answer, particularly to the effect that the agreement of the parties was that the amount of the note and mortgage would be adjusted to reflect the true amount of the indebtedness owed the plaintiff by the defendant, and that such true amount on February 16, 1957, was $1,588.77. The latter witness identified numerous vouchers and checks, offered in evidence by the defendant, which documents showed the amount of the indebtedness to be as he and the president had testified. The plaintiff objected to, or moved to strike, this testimony and evidence, chiefly on the ground that they were in violation of the parol evidence rule. At this hearing the chancellor reserved his ruling on these objections and motions to strike "until the final hearing." In an order clarifying his final decree the chancellor held that the testimony and evidence discussed in this paragraph was "excluded and not admitted in evidence in this cause." We think this was error, for the reasons stated below.
In considering the question whether the parol evidence rule barred the admissibility of the evidence excluded by the chancellor, it is helpful to review the purpose, true meaning, and scope of that rule.
Simply stated, the parol evidence rule is a rule declaring that parol evidence is inadmissible to vary the terms of a valid written instrument. J.M. Montgomery Roofing Co. v. Fred Howland, Inc., Fla. 1957, 98 So.2d 484. It is not a rule of evidence but a rule of substantive law. Knabb v. Reconstruction Finance Corp., 1940, 144 Fla. 110, 197 So. 707. The rule rests upon a rational foundation of experience and policy and is essential to the certainty and stability of written obligations. Schwartz v. Zaconick, Fla. 1953, 68 So.2d 173.
The simple statement of the parol evidence rule as set forth in the preceding paragraph may be misleading, however, unless one comprehends the numerous clarifications of and exceptions to this rule that have been recognized by the courts.
Among the clarifications recognized by the courts in Florida are these: when the statement of a term, such as the consideration, in a written agreement is not a complete statement, parol evidence may be admissible as to that term, Jackson v. Parker, 1943, 153 Fla. 622, 15 So.2d 451; the parties to a written contract may prove by parol evidence facts consistent with the agreement, although not expressed in it, McNair & Wade Land Co. v. Adams, 1907, 54 Fla. 550, 45 So. 492; where a particular element of an alleged extrinsic negotiation is not dealt with in the writing, it is presumed that the writing does not represent the entire transaction, and parol evidence in proof thereof is admissible, Jackson v. Parker, 1943, 153 Fla. 622, 15 So.2d 451; parol evidence may be introduced to *828 explain ambiguities or uncertainties in a written contract, McClure v. Century Estates, 1928, 96 Fla. 568, 120 So. 4.
One of the most important exceptions to the parol evidence rule, an exception which we think is applicable to the facts in the present appeal, is that parol evidence is admissible to prove a condition precedent to the written contract for the purpose of showing that there existed no binding contract.
The Florida Supreme Court in Hensley Insurance Co. v. Echols, 1947, 159 Fla. 324, 31 So.2d 625, 626, declared that the following general rule as stated in 20 American Jurisprudence, Evidence, Section 1095, page 956, "is supported by the great weight of authority":
"`* * * A conditional delivery or execution of a writing may be shown by parol. * * * Parol evidence is admissible to show that a written contract, although manually delivered to the obligee therein named, was not to become a binding obligation except upon the happening of a certain event, such as an inspection and approval by the buyer of goods which are the subject matter of the sale. * * *'"
A clear application of this rule may be found in Bassato v. Denicola, Fla. 1955, 80 So.2d 353-354. There the plaintiff had filed a suit on two promissory notes, each in the amount of $2,500, executed by the defendant and made payable to the plaintiff. In his amended answer the defendant alleged that the $5,000 represented by these notes was, in reality, an investment by the plaintiff in a partnership business to operate a liquor establishment; that the defendant, who owned a liquor license, advanced to the partnership all of the stock, some of the fixtures, the liquor license, and the good will of a liquor establishment theretofore operated by the defendant, and the $5,000 was contributed by the plaintiff; that the plaintiff was not a registered voter in Connecticut, the place where the note was executed and the partnership business was located, so that he could not legally be shown as a partner in such business; that the notes in the total amount of $5,000 were executed by the defendants at the plaintiff's request in order to evidence the plaintiff's interest in the partnership until such time as he could be shown as a partner in the business; and that "the notes became null and void and of no effect as now plaintiff was a partner and his interest was represented by his having a one-half share in said business."
In this Bassato case, however, the Circuit Court entered a summary judgment against the defendant, adjudging that the defense sought to be interposed in his answer contituted an attempt to vary the terms of the promissory notes by a parol agreement.
In reversing this summary judgment and remanding the cause for further proceedings, the Supreme Court said:
"We think that the above allegations were sufficient to make out a case under Section 674.18, Fla. Stat. 1953, F.S.A., that, as between the immediate parties, `the delivery (of a promissory note) may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. * *' and within the rule stated in Tharp v. Kitchell, 151 Fla. 226, 9 So.2d 457, 460, as follows:
"`Parol evidence is admissible, as between the parties, to show that a negotiable note was not to become binding, except upon the happening of a certain event in the future. Such evidence does not vary the terms of a written instrument but tends to establish the fact that the note as between the parties never became a fixed and binding obligation because the event in the future contemplated by the parties failed to happen or occur.'

*829 "We find nothing in the deposition of the defendant inconsistent with the allegations of his amended answer, and we think he should have been allowed to prove, if he could, before a jury the defense alleged in his amended answer."
The statutory provisions referred to in the above quotation were also in effect when the transactions involved in the instant case took place.
We consider the Bassato decision to be direct and strong authority for our conclusion in the present appeal that the evidence excluded by the chancellor was admissible and not in violation of the parol evidence rule.
Another strong authority for this conclusion is the more recent decision of the District Court of Appeal, Second District of Florida, in Chappell v. A.C. Hasche Realty, Fla.App. 1957, 98 So.2d 808, 810. In that case the plaintiffs filed an action in the Circuit Court to recover a deposit of $1,000 made by them with the defendant real estate broker as escrow agent under a written contract to purchase a grocery business. The plaintiffs alleged in their complaint that at the time of the execution of the said contract it was understood and agreed between all parties that the plaintiffs might not be able to raise the necessary down payment of $10,000 as conditioned by the said contract and that by the terms of the said agreement the plaintiffs reserved 30 days to acquire the said down payment, and that at said time it was the understanding of the parties that, if the plaintiffs were unable to acquire such down payment, the contract would not become effective as a binding agreement and the $1,000 deposit would be returned. The Circuit Court dismissed the complaint on motion and, the plaintiffs declining to plead further, entered a judgment against them.
Before reversing the judgment, and holding that the complaint stated a cause of action, the Second District Court of Appeal in its learned opinion discussed the authorities establishing the legal principle of the exception to the parol evidence rule that parol evidence is admissible to show conditions precedent which relate to the delivery or taking effect of a written instrument. This discussion is so important and so pertinent in the disposition of the case before us on appeal, that the following quotation therefrom at length seems warranted here:
"The legal principle relating to the delivery or the taking effect of a written contract with reference to the `parol evidence rule' is thus stated in 32 C.J.S. Evidence § 935, p. 857:r
"`In general, parol evidence is admissible to show conditions precedent, which relate to the existence of a valid contract, but is not admissible to show conditions subsequent, which provide for the nullification or modification of an existing contract.'
"Also, in Corbin on Contracts, volume 3, section 589, pp. 318-320, it is said:
"`Everyone agrees that the mere existence of a written document does not prove that a contract has been made. This is true, even though the document has all the appearance of a contract complete in every detail, with signatures, witnessing clause, and other legal symbols. Everyone agrees, also, that if no contract has been made, the `parol evidence rule' has no application. This has supplied one of the frequently used methods by which courts have explained their admission of oral testimony in conflict with a document. A written document, unconditional on its face and fully executed, can be shown by oral testimony to have been delivered subject to a condition precedent. As long as the condition has not occurred, so they say, no contract has been made. Therefore, oral proof of the conditional delivery is admissible in spite of the face of the document to the contrary.'

*830 "See also 20 Am.Jur., Evidence, section 1095, p. 956, and Wigmore on Evidence, volume IX, section 2410, pp. 30-35.
"The principle stated has long been recognized and generally accepted, both in England and in this country. The reason underlying this exception to the parol evidence rule is that oral evidence is generally permitted to be introduced to show that the parties, prior to or at the time they made a written contract or sale, entered into an agreement that such contract of sale should become operative only on the occurring of a certain condition or contingency, the theory being that such evidence only goes to prove that the instrument never matured as a valid obligation and hence there could be no modification or variance or contradiction of it as such. 46 Am.Jur., Sales, section 283, p. 467.
"Although parol evidence is admissible to show conditions precedent which concern the existence of a written contract, it must be recognized that the finality of the writing in each case depends upon its own circumstances; or as otherwise stated, whether the contract is absolute or conditional depends upon the factual situation in each case."
We hold, under the authorities discussed previously in this opinion, that the chancellor erred in excluding the evidence relating to the oral understanding of the plaintiff and the defendant at the time of the execution of the note and mortgage, on the ground that such evidence was admissible to show a condition precedent to the existence of the note and mortgage as valid instruments, under the thoroughly-recognized exception to the parol evidence rule, as discussed above.
Examining in the light of the foregoing cases the defendant's evidence excluded by the chancellor here, we find that the essential purpose of such evidence was to prove that, since the parties did not know the amount of the indebtedness of the defendant to the plaintiff at the time the note and mortgage were executed, the president of the defendant, because of the importunations of the plaintiff, nevertheless executed these instruments and delivered them to the plaintiff with the understanding and on the condition that they were not to become effective until they were adjusted so that the amount of the note would reflect the true indebtedness owed by the defendant to the plaintiff, later to be ascertained. Such evidence showed a conditional delivery of the instruments, and parol evidence of that understanding was admissible. Excluding that evidence was inevitably harmful, reversible error.
The case which we have found with facts most closely analogous to those in the present case is Roddy v. Citizens' State Bank, Tex.Civ.App. 1928, 11 S.W.2d 652, 653. This was an action on two notes. The defendants, in addition to the general issue, filed a special plea to the effect that the notes were delivered on a condition precedent to their effectiveness as legal obligations. The defendants appealed from a judgment based upon a verdict directed for the plaintiff at the trial. On the appeal to the Texas Court of Civil Appeals, the defendants complained of the action of the lower court in excluding the testimony of the defendant Roddy, offered in support of the special plea, on the ground that such testimony would vary or contradict the terms of the notes. In the words of the Texas Court of Civil Appeals:
"The excluded testimony tended to support defendants' theory; that is, that the notes were signed for a special purpose, with the understanding that an accounting would be had later, and all errors, if any existed, corrected and the notes reduced to correspond. This evidence, in our opinion, should have gone to the jury for what it was worth."
*831 The Texas Court of Appeals then relied upon a provision of the Texas Negotiable Instruments Act (which provision is similar to one in the Florida Negotiable Instrument Act, Section 674.18, Florida Statutes, F.S.A.), providing that as between immediate parties and as regards a remote party other than a holder in due course, the delivery of a negotiable instrument "may be shown to have been conditional * * *." The court then pointed out that this statutory provision made no change in the common-law rule that parol evidence is admissible for the purpose of showing that a promissory note, though absolute in form, and delivered to the manual possession of the payee, was not intended to take effect as a binding obligation until the happening of a stipulated contingency. The appellate court then reversed the lower court's judgment.
Section 674.18, Florida Statutes, F.S.A., which has been a law of this state since 1897, provides in pertinent part:
"As between immediate parties, and as regards a remote party other than a holder in due course, the delivery in order to be effectual must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument."
For the foregoing reasons the final decree is reversed and the cause remanded with directions for further proceedings consistent with the views herein expressed.
Reversed.
STURGIS, J., concurring.
WIGGINTON, Chief Judge, concurring specially.
STURGIS, Judge (concurring).
Here, as in the Texas case of Roddy v. Citizens' State Bank, cited in the main opinion, the delivery of the note was "for a special purpose." According to the testimony that was proffered but excluded in the case now on appeal, the special purpose for which the maker delivered the note to the payee was to enable the latter to use it in order to secure immediately needed funds from a third party. While under such circumstances the maker necessarily assumed the risk of liability in full to a third party holder in due course into whose hands the note might fall, that factor would not operate to relieve the appellee-payee from the contingency of the accounting and substitution of the correct amount of the maker's indebtedness to the payee prior to the efficacy of said note as a complete transaction between the immediate parties thereto.
On this appeal we are not confronted with any problem regarding the parol evidence rule in its application to holders in due course under the Negotiable Instruments Law. Indeed, while it does not affirmatively appear that the note in suit ever left the hands of the plaintiff-payee, had such happened it would not alter the results because we are confronted exclusively with the situation in this suit between the immediate parties to the note, holding that as to their direct rights the conditional nature of the delivery may be shown by parol evidence. And while the appellant's defenses to the complaint herein do not employ the technical term "conditional delivery" in stating same, I am of the opinion that the sum and substance of the pleadings unquestionably present that issue. The thrust of the defense is that the note in suit was given in the principal sum stated in the nature of an accommodation to the payee in order that the latter might employ the same as security for an anticipated loan, and that being uncertain as to the amount of maker's indebtedness intended to be reflected *832 thereby, they agreed that the note should be "adjusted" to reflect the facts when the actual amount of indebtedness was ascertained. Of course, that phase of the agreement is controlling as between immediate parties but could have no effect against a holder in due course. Under the facts in this case, the position of the maker in respect to the latter is somewhat analogous to that of an accommodation endorser.
In my opinion, the recent case of B.F. Goodrich Co. v. Brooks, Fla.App. 1959, 113 So.2d 593, is not sound authority for the position of appellant. That case did not strictly involve an adjustment of the face amount of the notes, as does this case. There the question of the admissibility of parol evidence arose in connection with an attempt of the defendant maker of the promissory notes to establish an independent and unrelated transaction forming the subject of a setoff and counterclaim against the suit on the note. While there was testimony to the effect that the notes there sued on were given with the understanding that "any and all credits due the defendant from plaintiff should be credited as payments against the amount due on the notes", the overriding fact is that these so-called "credits" accrued to the benefit of the defendant independent of the note and thus constituted a proper subject for parol testimony in support of the counterclaim. Such testimony is in no sense in derogation of the written agreement expressed by the note. An agreement to concede a credit or counterclaim, as offsetting the obligation of a promissory note, is a separate transaction, not dealt with in the instrument, and valid. Payne v. Nicholson, 100 Fla. 1459, 131 So. 324, and cases cited in the opinion.
For the reasons stated, as well as those expressed in the opinion written by Judge CARROLL, I concur in his opinion.
WIGGINGTON, Chief Judge (concurring specially).
I concur in the conclusion of reversal reached by the opinion prepared by Judge CARROLL. My concurrence is based in part, but not in whole, upon the reasons expressed and the authorities relied upon in that opinion.
The allegations of the defenses interposed by appellant are sufficiently summarized in the main opinion. I do not interpret the appellant's position, either from a standpoint of the pleadings or the evidence proffered by it, to be that there was a conditional delivery of the note and mortgage sued upon. I think there can be no doubt from the allegations of the defenses and the testimony proffered that there was a complete and unconditional delivery of the note and mortgage which formed the subject matter of this proceeding.
I interpret appellant's position to be that contemporaneously with the execution and delivery of the questioned note and mortgage, the parties entered into an oral agreement whereby it was mutually understood between them that the amount of the indebtedness recited in the promissory note was neither definite nor certain, but that the exact amount of the indebtedness owed by appellant to appellee would be verified and made certain by a subsequent audit of their books and records. It was further mutually agreed that when the exact amount of the indebtedness owed by appellant to appellee had been verified and determined, that the amount due as recited in the promissory note would be adjusted to conform to the true account between the parties. I understand appellant's defense to be that after execution and delivery of the note and mortgage sued upon, his financial records were audited and the true indebtedness existing between the parties as of the date of the execution of the note and mortgage was verified and found to be a sum substantially less than the amount expressed in the documents *833 themselves. The thrust of appellant's defense is that he is entitled to an offsetting credit against the amount of indebtedness called for in the note and mortgage to the extent of the difference between the amount recited in the promissory note and the true amount of the indebtedness owed as of the date of its execution as subsequently verified by their records. It was this contemporaneous oral agreement with respect to adjustment and setoff between the parties that the appellant sought to establish by the parol evidence which was excluded by the chancellor.
Whether parol evidence is admissible to establish a contemporaneous oral agreement between parties whereby the maker of a promissory note will be entitled to an offsetting credit against the amount recited in the note when the amount of such credit is thereafter determined, was extensively dealt with by the Second District Court of Appeal in the Goodrich case.[1] No useful purpose would be served by recounting the authorities so extensively quoted in that opinion. It is sufficient to say that by its decision in the Goodrich case, the District Court of Appeal held that parol evidence is admissible for such purpose on the theory that the agreement with respect to the offsetting credits against the amount of indebtedness recited in a duly executed and delivered promissory note is a separate transaction which can be established by parol evidence. However, the integrity of the promissory note remains inviolate, and the terms thereof are not subject to alteration by parol evidence. It is my view that the Goodrich case controls the question now under consideration, and for the reasons stated in that opinion the final decree appealed from should be reversed and the cause remanded for further proceedings consistent with the views expressed herein.
NOTES
[1] B.F. Goodrich Co. v. Brooks, Fla.App. 1959, 113 So.2d 593.