WIGGINTON, Chief Judge.
The Board of Public Instruction of Oka-loosa County brought suit for declaratory judgment seeking a declaration of its rights under a written contract entered into between it and defendant architect. From the final judgment rendered in favor of the plaintiff board, this appeal is taken.
From the pleadings and evidence it affirmatively appears that plaintiff board contemplated the construction of two school gymnasiums in Okaloosa County. Defendant’s representative appeared before the board requesting that his firm be awarded the contract for architectural services in the construction of these buildings. The board in regular session considered defendant’s request and adopted a resolution agreeing to award to defendant a contract for preparation of plans, drawings, and specifications necessary to construct the gymnasiums in question. A formal written contract was prepared and executed by the parties pursuant to which defendant agreed to perform all architectural services necessary in connection with the construction of the two gymnasiums. The school board, through the testimony of its witnesses, emphatically asserts that prior to the execution of the contract it was clearly understood and agreed that the construction of the gymnasiums in question was contingent upon a school bond election which was to be held in the near future, and that unless the election was successful it would be impossible to go forward with the construction program. The school board established by its witnesses that defendant agreed that unless the school bond election was successful and issuance of the bonds authorized, then any expenses incurred by it in the preparation of plans and drawings for the buildings would be absorbed by it and the school board would not be called upon to reimburse the firm for such costs. This condition insisted upon by the board was emphatically denied by defendant architect.
By the judgment appealed the trial court found from the evidence that the favorable outcome of the school bond election was specifically made a condition precedent to the school board’s liability for payment under its contract with the defendant. The court further found that since the condition precedent never occurred, that the school board incurred no liability for payment under the contract and therefore the claim made by the architect against the school board was without merit and would be denied.
*656 The primary thrust of appellant’s position on this appeal is that the trial court erred in admitting and considering parol evidence with respect to the alleged condition precedent for the purpose of altering, varying, or modifying the written contract between the parties. In support of its position appellant cites a number of authorities supporting the well-recognized principle of contract law to the effect that parol evidence will not be admitted to vary the terms and provisions of a written contract.
Although the principles of law relied upon by appellant to support his prayer for reversal of the judgment appealed are sound, we nevertheless feel that under the facts in this case the trial court’s judgment comes within and conforms with one of the well-recognized exceptions to the general rule relied upon by appellant.
In the case of Batchelder v. Prestman,[1] a real estate broker sued a landowner for commissions claimed to be due him under a written listing contract entered into between those parties. The broker alleged and proved that in fulfillment of his obligations under the contract, he had procured a person willing, ready and able to enter into an agreement with the owner to lease the owner’s hotel on a long term basis and at the rental specified by the owner in the listing agreement. The broker proved that a lease agreement was entered into between the owner and the lessee whereupon he had earned his commission and was entitled to payment, which payment the lessor-owner had refused to make. The owner filed a defense alleging that the lessee procured by the broker was unable to pay the first year’s rental in advance as called for in the listing agreement and in the lease agreement submitted for the owner’s signature ; that the lessee was able to pay only a portion of the first year’s rent in advance and proposed to pay the remainder of the first year’s rental on some date in the future; that the owner could not afford to pay the broker his full commission out of the small initial rental payment proposed to be made by the lessee and because of this the owner refused to consummate the lease; that as an inducement to the owner to complete the transaction, the broker agreed to accept only a portion of his commission from the initial payment to be made by the lessee and agreed that the remainder of commissions due him could be paid at a later date when the lessee paid the remainder of the first year’s rental; that because of such oral agreement the lease was executed but the lessee failed to pay the remainder of the first year’s rent as agreed upon and the lease was can-celled. It was upon the allegations of this plea that the owner contended he owed no further commissions to the broker because the fund out of which the broker’s commission was agreed to be paid never materialized due to the default of the lessee.
In holding that the defense interposed by the owner stated a valid defense to the cause of action alleged in the complaint, the Supreme Court of Florida said:
“ ‘A contract or promise to pay may be restricted to a particular fund, so as to make the raising or the sufficiency of the fund a condition precedent to the liability, and in such case the promise cannot be enforced until the fund is realized, unless the failure to realize or collect the fund from which payment is made is due to the neglect, or to the unreasonable refusal to act, of the promisor, or is otherwise attributable to him.’ Murphy v. Green, supra, [102 Fla. 102, 135 So. 531]; Ballas v. Lake Weir Light and Water Co., supra [100 Fla. 913, 130 So. 421].”
By its holding in the Batchelder decision the Supreme Court established the principle that liability under a written contract may be conditioned upon the happening of an occurrence or event orally agreed upon by the parties contemporaneously with the execution of the written contract, and *657 upon failure of the condition precedent no liability under the contract will arise. This principle of law has been adopted by the author of Florida Jurisprudence as the prevailing rule in Florida.[2]
In the case sub judice the trial court found that as a condition to liability under the written contract between the board and the architect, the parties orally agreed that no liability for payment to the architect under the written contract would arise unless and until the school bond election was held and approved by the electorate, thereby making available funds for the construction of the gymnasiums. This parol agreement constituted a condition precedent and was entered into by the parties contemporaneously with the execution of the written contract.
On the basis of the authorities herein-above cited, the judgment appealed is affirmed.
JOHNSON and SPECTOR, JJ., concur.

. Batchelder v. Prestman, 103 Fla. 852, 138 So. 473.

. 7 Fla.Jur. 198, Contracts, § 130.