CARROLL, DONALD, K., Acting Chief Judge.
The defendants in a mortgage foreclosure action have appealed from an adverse final summary decree entered by the Circuit Court for Duval County.
The sole question presented for our determination in this appeal is whether the said court committed reversible error by ruling in effect that parol evidence is inadmissible to prove a condition precedent to the existence of the mortgage, under the parol evidence rule.
The purpose, meaning, and scope of the parol evidence rule, which is firmly established in this state, were set forth in our opinion in Paradise Beach Homes, Inc. v. South Atlantic Lumber Co., 118 So.2d 825 (1960), as follows:
“Simply stated, the parol evidence rule is a rule declaring that parol evidence is inadmissible to vary the terms of a valid written instrument. J. M. Montgomery Roofing Co. v. Fred Howland, Inc., Fla. 1957, 98 So.2d 484. It is not a rule of evidence but a rule of substantive law. Knabb v. Reconstruction Finance Corp., 1940, 144 Fla. 110, 197 So. 707. The rule rests upon a rational foundation of experience and policy and is essential to the certainty and stability of written obligations. Schwartz v. Zaconick, Fla. 1953, 68 So.2d 173.”
One of the most important of these exceptions to (or clarifications of) the pa-rol evidence rule is that parol evidence is admissible to prove a condition precedent to the written contract for the purpose of showing that there existed no binding contract, as we recognized in the Paradise Beach Homes case, supra.
In Hensley Insurance Co. v. Echols, 159 Fla. 324, 31 So.2d 625, the Supreme Court of Florida declared that the following general rule as stated in 20 American Jurisprudence, Evidence, Section 1095, page 956, “is supported by the great weight of authority”:
“ * * A conditional delivery or execution of a writing may be shown by parol. * * * Parol evidence is admissible to show that a written contract, although manually delivered to the obligee therein named, was not to become a binding obligation except upon the happening of a certain event, such as an inspection and approval by the buyer of goods which are the subject matter of. the sale. * *
A clear application of the foregoing exception to the parol evidence rule may be found in Bassato v. Denicola, 80 So.2d 353 (1955), in which the Supreme Court of Florida approvingly quoted the following rule:
“Parol evidence is admissible, as between the parties, to show that a negotiable note was not to become binding, except upon the happening of a certain event in the future. Such evidence does not vary the terms of a written instrument but tends to establish the fact that the note as between the parties never be *316 came a fixed and binding obligation because the event in the future contemplated by the parties failed to happen or occur.”
In this appeal the defendants-appellants complain of an order of the Circuit Court, entered prior to the entry of the final summary decree appealed from herein, in which order the court dismissed the counterclaim and struck the second and third defense incorporated in the second amended answer filed by the defendant Beach Keys, Inc.
In the said counterclaim, thus dismissed, and the two defenses which were stricken, the defendants allege, in brief and in substance, that prior to the execution of the purchase-money mortgage sought to be foreclosed the plaintiff and the defendant Beach Keys, Inc., entered into an oral agreement that the said mortgage was not to become effective until the plaintiff performed certain conditions, such as putting a road through the said defendant’s property and giving to the defendant canal and water access through adjoining and other property; that the said mortgage was delivered upon the said conditions. In the said counterclaim it is also alleged that the said defendant, in reliance upon the plaintiff’s said promises, expended great sums in improving the land.
In our opinion, the foregoing allegations make the sgid counterclaim and defenses valid pleadings. The Circuit Court, however, dismissed the counterclaim and struck the defenses in the said order, presumably because it was of the view that evidence in support of those pleadings was inadmissible under the parol evidence rule. The court, we think, committed reversible error in so ruling, for the defendant was thereby deprived of his valuable right to prove the said counterclaim and defenses.
Accordingly, the final summary decree appealed from herein should be, and it is, reversed, and the cause is remanded for further proceedings consistent with the views herein set forth.
Reversed and remanded with directions.
RAWLS and JOHNSON, JJ., concur.