CROSS, Judge.
The appellant-defendant, Monette E. Stevens, appeals a summary final judgment entered in favor of the appellee-plaintiff, Fred E. Gray, Trustee, in an action for specific performance for the conveyance of property. We revene.
On September 16, 1963, the plaintiff, Fred E. Gray, Trustee, as buyer, and the defendant, Monette E. Stevens, as seller, entered into a written agreement whereby the defendant agreed to sell and convey to the plaintiff by good and sufficient deed a single tract of land consisting of 123.418 acres for the purchase price of $36,000. The plaintiff deposited $1,000, which was placed in escrow in accordance with the agreement.
In November 1966, more than three years after the execution of the agreemeht in question, the plaintiff filed his complaint seeking specific performance of the above alluded to agreement. In paragraph 3 of the complaint, the plaintiff alleged:
“The property described in said Agreement contains 123.418 acres; that 61.342 *351 acres contain borrow pits still owned by the State Road Department of Florida; that the Defendant agreed to procure title to said 61.342 acres from the State Road Department and sell same together with other lands to the Plaintiff, and the Defendant has failed to procure said title; that the Plaintiff has corresponded with the Defendant on or about October 11, 1966, and stands ready, willing, and able to purchase said property * *
(Emphasis added.)
The defendant-buyer answered, admitting the said allegations contained in paragraph 3 of plaintiff’s complaint except that she denied any knowledge as to whether plaintiff stood ready, willing and able to purchase the tract described in the contract.
Paragraph 5 of plaintiff’s complaint asserts that plaintiff requested the conveyance of the said lands in toto or the portions thereof, the fee title to which is vested in the defendant, but that the defendant has refused to abide by the agreement and furnish unto the plaintiff evidence of title as required by the said agreement, or abide either the terms of the agreement.
The defendant in her answer to paragraph 5 of the plaintiff’s complaint alleged that she has attempted to comply with the agreement, which is alleged in the complaint, but that the State Road Department has title to the borrow pits contained on said property and the defendant has made an attempt to secure the title to said borrow pits but has been unsuccessful in doing so, and the title of said pits remains with the State Road Department of the State of Florida, and she cannot complete the terms of the agreement.
Thereafter, the plaintiff moved for summary final judgment asserting that the plaintiff as purchaser and the defendant as seller entered an agreement for the sale and purchase of certain lands and that title to the land in question is in the defendant with the exception of title to certain borrow pits on the said property, which title remains vested in the State Road Department; that the defendant under the laws of the State of Florida is in a position to acquire title to said borrow pits; that the plaintiff has paid $1,000 deposit; that the defendant has refused to perform her obligations under the agreement; and that the plaintiff has stood and continues to stand ready, willing and able to pay the remaining purchase price and execute the necessary promissory note and purchase money mortgage as required by the agreement. Finally, plaintiff’s motion for summary final judgment with attached exhibits and affidavits in support thereof asserts that there is no genuine issue as to any material fact, and that the plaintiff is entitled to a judgment as a matter of law.
The trial court entered summary final judgment for the plaintiff requiring the defendant to convey to the plaintiff the property described in the agreement less the property contained in the borrow pits owned by the State Road Department containing 62.076 acres, more or less, and that the plaintiff pay to the defendant the sum of $18,621.80. The court arrived at this figure because of the deficiency in the property described in the agreement, i. e., the borrow pits, title to which remained in the State Road Department. It held that the plaintiff was entitled to an abatement of the agreed purchase price in the amount of $17,378.20. It is from this summary final judgment that the defendant now appeals.
The question for our determination is whether or not the plaintiff was entitled to a summary final judgment.
We have, as well as the Florida Supreme Court and our sister appellate courts, repeatedly held that to entitle a party to a summary final judgment the moving party must establish the absence of a genuine issue as to any material fact, and that the burden of proving the absence of a genuine issue as to any material fact is upon the moving party, and all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in *352 favor of the party opposing the motion. Lab v. Hall, Fla.App.1967, 200 So.2d 556; Central Investments, Inc. v. Old Southern Golf Utility Corporation, Fla.App.1967, 197 So.2d 17; Leaks v. Adeimy, Fla.App.1967, 195 So.2d 47; Holl v. Talcott, Fla.1966, 191 So.2d 40.
The law of specific performance applicable to the facts herein has been decided by the Florida Supreme Court as early as 1887 in Knox v. Spratt, 1887, 23 Fla. 64, 6 So. 924, the facts of which parallel closely those of the instant case. The plaintiff in Knox v. Spratt, supra, had contracted to purchase certain lots. He knew at the time of entering into the agreement that the defendant owned merely an undivided interest in the lots. The owner agreed to cure the title deficiency. However, he was unable to do so, and upon the owner’s failure to cure the title deficiency, the buyer asked for specific performance of the contract so as to require conveyance to him of the defendant’s partial interest in the property. The Supreme Court held that the lower court was in error in not sustaining a demurrer to the bill, stating:
“ * * * The doctrine that, in case the vendor is unable to comply with the contract by reason of not having a legal title to all the land sold, yet that the vendee is entitled to a specific performance of the contract for such as lies in the power of the vendor to convey, with compensation for the residue, is undoubted. This principle, however, is qualified in its operation, and cannot be invoked by a purchaser who, at the time of the making [sic] the contract had notice of the fact that the vendor had a limited interest in the land. * * * ”
In the case sub judice, the proofs proffered at the hearing on motion for summary judgment gave rise to a justifiable inference that the plaintiff-purchaser at the time of the making of the agreement had notice of the fact that the defendant-seller did not have title to the 61.342 acres containing the borrow pits, and that the plaintiff-purchaser had knowledge that said title to those borrow pits was in the State Road Department of Florida. Thus the inference raised would preclude the granting of summary judgment to the movant-plaintiff herein, since such inference would give rise to the qualification alluded to in Knox v. Spratt, supra.
Accordingly, the final summary judgment entered in favor of the plaintiff is reversed and the cause is remanded for proceedings consistent herewith.
Reversed and remanded.
McCAIN and REED, JJ., concur.