ALLEN, Judge (Ret.).
Sanford Kay, the appellant in this action, was the plaintiff below and had brought a suit on a contract for the purchase of 7,220 acres of real property in Lake County, Florida, in which he asked for specific performance of the contract and for damages. The appellant was the purchaser in the contract and the appellees were the sellers.
The trial judge dismissed the suit with prejudice by an order which stated:
“This cause came on for hearing this day on Defendants’ motion for judgment on the pleadings and the Court having heard argument of counsel and being advised in the premises; it is
“ORDERED AND ADJUDGED that the motion for judgment on the pleadings be and the same is hereby granted as the pleadings show as a matter of law that the Plaintiff is not entitled to any relief *912 requested against the Defendants and the suit is hereby dismissed with prejudice.”
It will be observed that the trial judge did not elucidate the reason or ground why the case was dismissed for a judgment on the pleadings. Therefore, it is necessary that we examine all of the pleadings in the case to determine whether or not the case should have been dismissed on such a motion for judgment on the pleadings when actually the court had overruled a motion to dismiss the complaint.
The complaint contained five counts. Count I stated that it was an action for specific performance of a contract to convey real property. The count set out the individuals who owned the property. They were the defendants John G. Yancey and his wife, Ruth L. Yancey, B. G. Ray and his wife, Ruth A. Ray, who owned an undivided 1:1/Í6ths interest in the property; the defendant, W. A. Frederich, who owned a Ysth or %eths interest; the defendant Dorothy L. M. Potter, who owned a l^th or %6ths interest; and the defendant Evelyn Gills Guyton, who owned a Vieth interest. Mathematically these constituted all (1%6ths) ownerships of the property.
The third paragraph of the first count alleges that the plaintiff Kay and the defendants Yancey, and defendants Ray entered into a written contract, a copy being attached and made a part of the complaint. Said contract was executed by the defendant, John G. Yancey, for himself and as the duly authorized agent, acting within the scope of his authority, of all of the defendants who were not signatories to said contract.
The last paragraph of Count I demanded that the defendants be required to specifically perform the terms and conditions of the contract, including the options contained therein and judgment for damages.
Count II was similar to Count I with an allegation that there was excepted those allegations relating to the agency of the defendant, John G. Yancey.
Count III alleged again the pertinent parts of Count I and sues for damages.
Count IV reavers the allegations of Count I except those allegations relating to the agency of John G. Yancey and demanded judgment against the defendants, John G. Yancey and Ruth L. Yancey, his wife, and B. G. Ray and Ruth A. Ray, his wife.
Count V alleges that defendant, John G. Yancey, held himself out to be the agent and duly authorized representative of the remaining defendants, and advised the plaintiff that he had the authority to bind the remaining defendants of the lands described in the contract attached to the complaint, and that he had the authority to execute the said contract in his own behalf and in behalf of the defendants who did not execute said contract, when in truth and in fact the defendant was not the agent for the other defendants who were not signatories to said contract. Count V ended with the plaintiff demanding judgment against the defendant, John G. Yancey, in a sum in excess of $5,000.
The instrument attached to and made a part of the complaint is entitled “Deposit Receipt and Option Contract.” The first paragraph of this instrument acknowledges receipt of the sum of $3,000 from Sanford Kay as a deposit on the following described property:
“The of Section 30, Township 24 South, Range 26 East, Lake County, Florida, containing 320 acres, more or less.”
The second paragraph listed the purchase price that Kay agreed to pay the sellers of the above described property, or $64,000. The balance of $61,000 (upon closing) was to be paid in 30 days, subject to zoning restrictions, inspections of land and abstracts, etc., and that the sellers would pass over all of the mineral rights in their possession, which was one-half.
*913 Paragraph 3 (numbered 2 in the contract) relates to releases. It states:
“Releases of any property under this option shall be made at the rate of $250.00 per acre at the election of the purchaser, in not less than (160) acre parcels. The sellers agree to convey title free and clear of all encumberances, by good and sufficient WARRANTY DEED. All sold timber to be removed ahead of any development, without liability to the purchasers. The sellers warrant the title to the aforedescribed property is insurable, and it is understood and agreed that the sellers shall furnish abstracts to the property herein described. It is mutually agreed that this transaction shall be closed by April 1, 1967. Time shall be of the essence.”
The third section of the contract entitled “Option” provided for the sellers to give the buyer the option of purchasing, upon the terms and conditions thereinafter set forth, the real estate therein described situated in Lake County, Florida. Then there follows the description of some 17 sections of property, some of which descriptions apply to the whole section and others to parts of sections.
Section 4, entitled “Terms and Conditions of Acquisition by Option,” provides as follows:
“On the date of purchase of the original 320 acres herein described, the balance of the lands shall be optioned at one time, and interest at six (6) percent per annum shall begin on that date on the price of all the lands, and then all lands in one section likewise shall be released at one time. Agreement as to terms and conditions on subsequent acquisitions are on the following terms and conditions. Price $250.00 per acre with (29%) down, balance in eight (8) equal annual payments, plus 6% interest on the unpaid balance. Interest to be paid semi-annually. Any default of interest shall void the option.
“Schedule of acquisitions are as follows :
“First year after closing of original purchase
“Section 17 & W% of Section 19, providing existing option is not exercised on W% of Section 19, TWP 24 S, Range 26E.
“2nd year — Lands in Section 20-21 and Ei/2 of Section 30.
“3rd year — Lands in Section 27-28-29 and 31.
“4th year — Section 32 — lands in 33-34 and 117 acres in 35, all in TWP 24 S, Range 26 E.
“5th year — all of the lands in Sections 11, 12, 14, & 23 in TWP 24 S — Range 25 E, providing a sale of these lands is not completed by March 1, 1968.
“Each section to be bought and paid for as scheduled before option of the next listed section is exercised.
“Prepayment privileges are to be restricted to not over 29% payment the first year of purchase and 29% of the property the second year at the price of $250.00 per acre. Thereafter prepayment at any time afterwards without penalty. Releases shall conform as close as possible to 160 acre parcels.”
The next paragraph provides against any property being encumbered by liens or creditors, etc., then further sets out:
“It is understood that as a consideration of the option of all the described lands, the purchaser agrees to pay (6%) per cent interest per annum, one year from date of option, payable semi-annually, on the purchase price of all lands remaining to be purchased under this option.
“Prepayment privileges are to be restricted to not over 29% payment the first year of purchase and to no more property per *914 year than the schedule of option as set out in page three of this option agreement.”
This contract was signed by buyer, Sanford Kay, and sellers, J. G. Yancey and wife, Ruth L. Yancey, B. G. Ray and wife, Ruth A. Ray. It will be observed that the contract was signed by the buyer and only four of the defendants signed the contract.
The motion to dismiss was filed by the defendants, John G. Yancey, Ruth L. Yan-cey, B. G. Ray and wife, Ruth A. Ray. Also a motion to dismiss was filed by defendants W. A. Frederich and Lena Frederich, his wife, Dorothy L. M. Potter, a widow, and Evelyn Gills Guyton and J. A. Guyton, her husband.
The circuit judge entered an order denying each of the two motions to dismiss.
The defendants, W. A. • Frederich and Lena Frederich; Dorothy L. M. Potter; and Evelyn Gills Guyton and J. A. Guyton answered the complaint. Paragraph 3 of this answer admitted that they had refused to comply with the alleged contract between the plaintiff and the defendants, then denied practically everything else in the complaint.
The defendants Yancey and Ray filed an answer in which, in addition to the denials, they set up affirmative defenses denying any consideration for the contract and that the plaintiff never tendered the consideration stated in said contract.
Paragraph 4 of the answer held that there was no meeting of the minds between the alleged parties to the contract as the alleged contract was contingent upon the approval of said contract by one Herb Watkins, and that Watkins never approved the contract but in fact disapproved the same.
Paragraph 5 of the answer states that the alleged contract was contingent upon the signatures of all parties owning any interest in the property and until all such parties signed said contract there was to be no contract as to any of said parties owning any interest in the property.
The answer further alleged in paragraph 7:
“7. That the alleged contract is signed by persons owning only an undivided n/ieths interest in the property and not by all persons owning an interest in said property. That the Plaintiff knew at the time he signed said alleged contract that there were interests in said property owned by persons other than those persons who have signed said alleged contract. That the Plaintiff, at the time he executed said alleged contract, intended to purchase all interests in said property. That since the Plaintiff had knowledge, at the time of the execution of said alleged contract, that these Defendants had only a limited interest in the property, the same is not specifically enforceable.”
The defendants, John G. Yancey, Ruth L. Yancey, his wife; B. G. Ray, Ruth A. Ray, his wife; W. A. Frederich, Lena Frederich, his wife; Dorothy L. M. Potter, a widow; and Evelyn Gills Guyton, J. A. Guyton, her husband, moved for a judgment on the pleadings because the pleadings on file showed that they were entitled to judgment as a matter of law.
After the court had granted judgment on the pleadings the plaintiff, Sanford Kay, filed his petition for rehearing in which he stated:
“As further grounds for said petition, plaintiff respectfully shows that the Court overlooked and failed to consider plaintiff’s oral motion for leave to amend his complaint — in the event that the Court was of the opinion that the document was vague and ambiguous — to pray for a declaratory judgment, declaring and setting forth exactly what the intent of the parties was, and to pray for reformation of the document to comply with the interpretation given it, and, finally, to pray for the specific performance of the contract as interpreted and reformed.”
*915 The plaintiff also charged in his petition for rehearing:
“As further grounds for said petition, plaintiff respectfully submits that the Court overlooked and failed to consider the fact that the complaint contains counts for relief other than specific performance as against all of the defendants, or as against some of them, and this fact was completely overlooked by the Court when it stated, in its order of January 31, 1968, that
‘ * * * Plaintiff is not entitled to any relief requested against the Defendants. * * *
The defendants raise also the question of consideration for the contract. The contract itself acknowledges the sum of $3,000 from Sanford Kay on certain described property listed as the WJ/á of Section 30, Township 24 South, Range 26 East in Lake County. It could develop that on the taking of evidence there was no consideration paid. However, the present condition of the pleadings shows this to be sufficient consideration for the contract.
Apparently the first part of the contract was a purchase of the W1/2 of Section 30 for the sum of $64,000, of which $3,000 was received and acknowledged as a deposit.
This case will have to be reversed as the trial judge committed error in granting a judgment on the pleadings.
When the case is returned to the trial court, the case should proceed to a trial on the various issues that are raised by the pleadings. If further pleadings are necessary the parties shall be permitted to amend the pleadings raising the various issues that apparently were attempted.
Reversed and remanded.
LILES, C. J., and MANN, J., concur.