### KAY v YANCEY, et al (No. 2).

No. 481.

Circuit Court, Lake County.

April 8, 1970.

Carey, Dwyer, Austin, Cole & Selwood, Miami, for plaintiff.

Davis, McLin, Burnsed & Austin, Leesburg, for defendants Yancey and wife and Ray and wife.

P. B. Howell, Jr., Leesburg, for defendants Guyton, Frederich & Potter.

W. TROY HALL, Jr., Circuit Judge.

For several years past the defendants have owned about 7,220 acres of land in Lake County which due to its reasonably close proximity to "Disney World" in Orange and Osceola counties is becoming increasingly valuable. The defendants are — John G. Yancey and his wife and B. G. Ray and his wife, who own an undivided eleven-sixteenths interest in the land; Evelyn G. Guyton, who owns an undivided one-sixteenth; W. A. Frederich, who owns an undivided one-eighth; and Dorothy L. Potter, who owns an undivided one-eighth.

On February 7, 1967 the plaintiff Sanford Kay signed a "deposit receipt and option contract" ("the contract" hereafter) for the land, which Mr. and Mrs. Yancey and Mr. and Mrs. Ray signed, but which the other defendants did not sign. The contract was typewritten in form, having been actually prepared by one William Nechtman, of Miami who was an associated real estate broker with Yancey on the deal, but with whom all negotiations with the plaintiff had been made prior to the signing of the document. The document mentioned only the plaintiff by name as purchaser, contained one line for his signature and contained seven other lines for the signatures of the sellers, only the first three of such lines being used, however, by the Yanceys and the Rays.

It is clear that the broker, Nechtman, attempted to and failed to obtain the additional signatures of the remaining defendants within a day or so after the contract was signed by the plaintiff and by the Yanceys and the Rays, a fact which was known to the plaintiff. When the remaining defendants refused to sign the docu-

ment, the plaintiff filed suit for specific performance, in the alternative, (1) against the Yanceys and the Rays for their respective interests in the property, or (2) against the Yanceys and the Rays and the remaining defendants on the basis of an alleged agency relationship between them and Yancey.

The trial court denied the defendants' motion to dismiss the complaint, but subsequently granted their motion for judgment on the pleadings. The plaintiff appealed this latter judgment to the Second District Court of Appeal and the trial court was reversed by opinion of that court cited as Sanford Kay v. John G. Yancey, et al., 217 So.2d 911. Thereafter, the case was tried before the circuit court of Lake County without a jury. The plaintiff was represented originally in this case by Smith & Mandler, Miami Beach, and Roth, Segal & Levine, Orlando, on appeal and at the trial of this cause; and is at date hereof represented by Carey, Dwyer, Austin, Cole & Selwood, Miami. The defendants, Yancey and Ray, have been and are still represented as of this date by Davis, McLin, Burnsed & Austin, Leesburg; and the defendants, Guyton, Frederich and Potter have been and are still represented as of this date by P. B. Howell, Jr., Leesburg.

The plaintiff contends —

That he timely tendered the $3,000 deposit called for by the contract, and at all times has stood ready, willing and able to close the transaction, but that defendants have refused to perform in accordance with the terms of the contract and to close the transaction.

That specific performance should be granted not only against the Yanceys and the Rays, but also against all of the remaining defendants because Yancey had apparent authority to execute the contract and to bind the non-signatory five-sixteenths owners.

The defendants contend —

That the plaintiff did not pay nor make a timely tender of the $3,000 deposit called for by the contract.

That the contract is so ambiguous and uncertain that it is incapable of being specifically performed, either in part or in its entirety, at least in the absence of admissible parol evidence showing the intention of the parties at the time of its execution.

That an express condition precedent made known to the plaintiff, or of which he should have known, to the final acceptance of the contract was that all of the owners of the lands must sign.

That Yancey was not the duly authorized and acting agent of the defendants, Guyton, Frederich and Potter, for the purpose of

selling their interests in the lands; that no one was authorized to state or to represent that he was; and that the plaintiff knew, or should have known, from the disclosures which were made to him that it was necessary for these defendants' signatures to be obtained on the contract before it was a valid and binding contract.

## Final judgment

This cause coming on to be heard before me on the 1st and 2nd days of July, 1969, upon the pleadings of the parties filed in said cause and upon the stipulations made before the court by counsel for the parties; and upon the various exhibits admitted into evidence; and the court having heard the testimony of the parties and their witnesses and considered the admitted evidence, finds and makes its conclusions as follows —

## Findings of fact

That under the date of February 7, 1967, the plaintiff Kay and the defendants Yancey and wife and Ray and wife signed a contract covering approximately 7,220 acres of land in Lake County, which land is more particularly described in said contract and in which said defendants owned an undivided eleven-sixteenths interest.

That the defendants Frederich, Guyton, and Potter, who owned the remaining five-sixteenths interest in the aforesaid lands did not sign said contract, and never, at any time or place either expressly or impliedly, authorized any person, including Yancey, to sign in their behalf or to act as their agent in fact for the purpose of entering into a contract with the plaintiff for the sale of their respective interests in said lands. The said defendants, when given the opportunity to sign the subject contract, did, in fact, refuse to execute the same.

That the defendants Yancey and wife and Ray and wife signed the contract on the express condition that it was not to be considered as binding upon them, or any of the owners of the land until the same was approved and signed by the remaining owners, which condition was communicated to the plaintiff, Sanford Kay.

That the contract did not state nor did it imply that Yancey signed the same as agent for any of the remaining defendants; and the evidence is insufficient to show that any prior dealings that Yancey had had with the subject property, as agent for the others, was communicated to the plaintiff, Kay, so as to induce him to rely thereon to his disadvantage.

That the defendants refused to convey said lands, or any part thereof, to the plaintiff.

That the contract is so ambiguous in its terms and provisions that it is incapable of being specifically performed, either in part or in its entirety, and the plaintiff failed and neglected to carry his burden under the law by showing by competent evidence how the contract could be feasibly carried out and performed.

The court makes no findings of fact as to whether or not there was an adequate tender of consideration in that it has determined that there was no valid and binding contract between any of the parties.

That upon motion of the defendants, and without objection by the plaintiff, no proof of damages having been offered by the plaintiff, counts III, IV and V of the complaint, wherein plaintiff sought damages against all of said defendants, was dismissed.

That the plaintiff is not entitled to specific performance of the contract against any of the defendants.

### Conclusions of law

The contract is so vague and ambiguous that it is incapable of being specifically performed either in part or as a whole, and there was no attempt made by either party to show with clarity, certainty and definiteness the obligations of the parties with respect to conditions of the contract and actions to be taken by he parties. Robinson v. Sax, (1959, Fla. App.) 115 So.2d 438, Barrineau v. B. & F Auto Parts, Inc., (1966 Fla. App.) 191 So.2d 53, Lasseter v. Dauer, (Fla. App. 1968) 211 So.2d 584.

Where a party signs a proposed contract for the sale of land in which he has an interest, and entrusts the documents to his real estate broker, in the presence of the prospective buyer, with express instructions that before the document is to be considered a valid and binding contract for the sale of his interest or for the sale of the interests of his coparceners, the proposed contract must be delivered to the coparceners for their approval and signatures, the contract is not binding upon any of the owners of the property until all have signed, notwithstanding the fact that the remaining coparceners may have, in the past, permitted the signing party to deal with the property as their agent-in-fact and such past dealings may have been disclosed to the prospective buyer. Stevens v. Gray, (1969 Fla. App.) 217 So.2d 350, Hensley Insurance Company v. Echols, 1947, 159 Fla. 321, 31 So.2d 625, Chappell v. Hasche, (1957 Fla. App.) 98 So.2d 808, Burns v. Board of Public Instruction, (1968 Fla. App.) 212 So.2d 654, Beach Keys, Inc. v. Girvin, (1968, Fla. App.) 213 So.2d 314.

Although the document in question was executed by some of the parties, parol evidence was admissible to show that it was delivered

subject to a condition precedent. Hensley Insurance Company v. Echols, supra, Chappell v. Hasche, supra, Burns v. Board of Public Instruction, supra, Beach Keys, Inc. v. Girvin, supra.

The plaintiff is not entitled as a matter of law, to specific performance of the contract against the Yanceys and the Rays for their respective interests in the subject property, because the plaintiff, at the time of the signing of the contract, had notice of the fact that the signing owners had a limited interest in the land. Knox v. Spratt, 1887, 23 Fla. 64, 6 So. 924, Stevens v. Gray, supra.

Specific performance of a contract for the sale of land is not a matter of right in either party, but a matter of sound discretion in the court, controlled by settled principles of law and equity applicable to the particular facts, and the court finds, in this case, that the facts and principles of equity are with the defendants. Greenfield v. Bland, (1958 Fla. App.) 99 So.2d 727, citing with approval Topper v. Alcazar Operating Co., 1948, 169 Fla. 421, 35 So.2d 392, 294.

A contract may be signed on condition that it shall not take effect until others have signed it. Or it may be the manifest intent of the parties that the contract is not to be effective until signed by all intended parties; in such a case, in the absence of any of the signatures so required, the contract, being joint, cannot be enforced against those who did sign it. 17 Am. Jur. 2d §71, *Contracts* (cases cited) ; 7 Fla. Jur. §34, *Contracts*.

Thereupon, it is considered, ordered and adjudged as follows — (1) That the prayer of the plaintiff's complaint in the above entitled cause be, and the same is, denied, and said complaint is dismissed with prejudice. (2) That the plaintiff, Sanford Kay, shall take nothing by this suit, and shall pay all costs of these proceedings, to be taxed by the court upon proper motion and hearing had.