BARNS, PAUL D., Associate Judge.
On March 16, 1961, Atlas Realty Corporation (hereinafter referred to as Atlas) sued Roy C. Jones in an action at law for a broker’s commission relating to the sale and exchange of lands. A judgment was entered against Jones, the appellant-defendant, in conformity with the jury’s verdict. Jones, having moved for a directed verdict at the close of all the evidence, moved timely for a judgment n. o. v. or, in the alternative a new trial, which motion was denied. Thereupon Jones appealed. We find that the court erred in denying defendant Jones’ motion for judgment n. o. v. and reverse.
The plaintiff-Atlas alleged in its complaint and proceeded against the defendant Jones on the premise that Mr. Jones had been bound by a written agreement between himself and the Fellows and that he “without any cause, arbitrarily breached said agreement” and that Atlas was thereby “prevented from earning its commission by reason of said unwarranted breach of contract by defendant” in the sum of $20,000 to be paid by the Joneses; and for like reasons was deprived of a $20,000 commission to be paid by the Fellows evidenced by a separate document between the Fellows and Atlas (to which Jones was not a party). The defendant-appellant Jones denied the consummation of any contract between himself and the Fellows or the breach of any contract in the manner and form alleged.
NON-CONTROVERTED FACTS
On August 9th, 1955, the appellant Jones and his wife, Laura E. Jones, through the appellee Atlas acting as their agent, made a written offer to Frank J. Fellows and Grace D. Fellows, his wife, and Frank J. Fellows, Jr. and Beatrice Fellows, his wife, for the sale and exchange of lands; this offer provided for a commission to be paid Atlas by the Joneses; the offer was not accepted.
On August 13, 1955, the Fellows made a counter written offer to Jones and his wife, Laura, for the sale and exchange of the same real property, except that Grace D. Fellows, wife of Frank, did not sign the offer; she was absent from the state. This offer from the Fellows was submitted to the Joneses by the plaintiff-appellee-Atlas through its agent O. B. Clark. The offer of the Fellows provided that:
“Roy C. Jones and Laura E. Jones agreed to pay the Atlas Realty Corporation $20,000.00 commission upon the closing of the above sale and exchange.”
Roy Jones affixed his signature to the offer when submitted by Clark on Saturday, August 13th, and Clark then took the document to Mrs. Jones who refused to execute the acceptance of the offer until she had an opportunity to study its contents.
After study of the Fellows offer Mrs. Jones advised her husband Roy on that Saturday night and on the next day, Sunday, August 14, that the offer was not acceptable to her and that it was not to their advantage to accept it. At no time did she indicate to the Fellows or any one else that the offer was acceptable to her; she did not accept it and no one was lead to believe that she had accepted.
*907 When the Joneses offer of August 9th was made, a $5,000 check was placed with an escrow agent as a binder, if accepted; the Fellows offer of the 13th provided that this same $5,000 would apply toward the money consideration payable to the Fellows in event the terms of the offer became effective as a contract. On Monday, August 15, 1955, Jones withdrew the $5,000 from the escrow agent. On the same day Jones advised the plaintiff Atlas’- agent that the deal was off.
On August 17, 1955, for the benefit of the Fellows who had made the offer, the agents of Atlas procured and induced Mr. Jones to write Mr. Frank J. Fellows a letter, which after making certain recitals concluded with the words: “Consider this letter as a cancellation of the entire contract” to which Mr. Fellows replied that by reason of the Jones letter the Fellows “have no alternative but to regard the contract of August 13th, 1955, as cancelled by you and terminated.” (The Fellows had others interested in buying their property to whom they soon sold.) The property contemplated to be conveyed to the Fellows by the Joneses consisted of their homestead.
INFERENTIAL FACTS AND CONCLUSIONS
The Fellows offer contemplated a bilateral contract in event that the Joneses accepted the offer, i. e., a promise by the Fellows to convey the land described in consideration of a promise by Roy C. Jones and Laura E. Jones, his wife, that they would convey their land as described. The offer to the Joneses was not several but to them jointly; and both Roy and his wife, Laura, had to accept in order to meet the offer. When only Roy had signed, the offer had not been met, and neither the Fellows nor either of the Joneses were yet bound by any promise. Until Roy and Laura both accepted, the offer was subject to the rights of the Fellows to withdraw the offer and the qualified or conditional acceptance by Roy was likewise subject to his right to withdraw it. The record is devoid of any thing that would qualify the rights of either party as above stated.
Although the factual situation is not the same as in the case at bar, however the relative legal status of the parties to the offer is somewhat similar to a situation noted in 1 -Corbin on Contracts, Sup.1962, §. 76, as follows:
“§ 76. Multiple Acceptances
“A single offer may be made to many separate persons and may require acceptance by all. In Hartman v. Lauchli, 194 F.2d 787 (C.A.8th, 1952), certiorari denied 343 U.S. 978, 72 S.Ct. 1074, 96 L.Ed. 1370, two persons promised a conveyance of land if the creditors of a corporation would all agree to an extension of time for payment of their claims. One hundred sixty five creditors promptly sent acceptances. One hundred thirty six creditors, representing about one third of the debts, did not send acceptances. The corporation became bankrupt. The promise to convey was not enforceable. Not only was the offeror not yet bound; also, the promise of each creditor who had signed was conditional on assent by all the other creditors. The offer requested and required just such conditional promises.”
Atlas was a third party beneficiary to the prospective contract in event that both the Joneses fully accepted the Fellows offer; which acceptance would have culminated the offer and acceptance into a bilateral contract. However, since -there was no mutual assent or meeting of the minds between the Fellows and the Joneses, Atlas never became the third party beneficiary to any contract between the Fellows and the Joneses. The writings never became a contract and are a nudum pactum.
We find that the lower court erred in denying defendant’s motion for a judgment in conformity with his motion for a di *908 rected verdict made at the close of all evidence.
Reversed with direction for further proceedings not inconsistent herewith.
KANNER, Acting C. J., and BARK-DUEL, THOMAS H., Associate Judge, concur.