PIERCE, Judge.
Appellee, Mabel T. Damsel, as plaintiff in the Court below, filed her complaint against James A. Livingston and The First National Bank & Trust Company of Eustis, defendants in the Court below, alleging that she was a licensed, registered real estate broker under the laws of Florida, and that in such capacity she received a listing from the defendants to sell certain described real estate in Lake County, Florida, for $26,400.00, for which she was to receive a commission from them of ten per cent of the sales price for finding a purchaser ready, able and willing to buy the property at said price; that plaintiff did find such a purchaser for an adjusted price of $26,200.00, which adjustment was agreed to by the defendants, but that when called upon to comply with their said contract, the defendants failed and refused to go *666 through with the deal and did in fact sell said property to third persons; whereupon plaintiff claimed judgment for the amount of her commission.
The defendants filed separate answers denying plaintiff’s said allegation, whereupon the cause came on for trial before the Circuit Judge without a jury. Thereafter, final judgment was entered in favor of plaintiff Damsel against each of the defendants, awarding her the sum of $2,620.-00, together with interest and costs.
The case involves essentially a factual controversy between the parties involved. The trial judge made extensive Findings of Fact which he incorporated into his Final Judgment. We have read the entire record and all the Briefs of the parties, and are of the view that the Findings of Fact are amply supported by substantial competent evidence and that • the Final Judgment was properly entered. The able Circuit Judge was clear and explicit in his Findings and Adjudication and we can do no better than to adopt verbatim the language of his Final Judgment, and in doing so we herewith make the same a part of this opinion, as follows:
“THE ABOVE CAUSE came on for trial before the court, neither party having demanded a jury, and the court, after consideration of the testimony, evidence, pleadings and oral arguments of the parties, finds, concludes and orders as hereinafter set forth:
“This is a suit brought by the plaintiff-broker against the defendant-owners for a real estate broker’s commission.
“The court finds from the evidence that the owners each claim an undivided one-half interest in an orange grove which they were anxious to sell. All transactions in connection with this suit were handled by one of the owners individually on his own behalf and by the attorney for the other owner, whose title was held in trust by the defendant, The First National Bank and Trust Company of Eustis. The owners were in dispute among themselves as to-their respective ownership of the property,, and, in fact, a suit was pending between' them to determine their respective interests.
“The court finds that each of the owners definitely listed this property with the plaintiff as broker for sale upon the terms-of $29,000.00 with a brokerage commission of 10%.
“The court finds that the broker found a. buyer for $26,200.00, who signed a contract for purchase and made a deposit of $1000.00.
“The court finds that the property was-actually sold to another party by the owners for the sum of $20,000.00.
“The court finds that the defendant Livingston was notified of the contract and of the deposit several days prior to the actual' sale, and that the attorney who handled' all transactions for the other party was-anxious to close the sale as made without contacting the broker and before, if possible, the broker could notify him that she had the contract and deposit at the sales, price of $26,200.00.
“The court finds that some transactions relative to an offer and agreement for sale had occurred between one or both of the owners with the ultimate purchaser-prior to the time the property was listed for sale with the plaintiff-broker; that the attorney for the other owner, if not involved' directly in the offer and acceptance with the ultimate purchaser, knew all the facts-with regard to such transaction prior to-the listing of the property for sale with the plaintiff-broker, and that neither owner ever advised or told the plaintiff-broker that there existed such an offer and acceptance upon which such owners felt they were either legally or morally bound at any time prior to the closing of the sale with the ultimate purchaser.
“The court finds that the owners encouraged the broker in her efforts to find a purchaser, knowing at all times of the *667 -existence of such prior offer and acceptance.
“Based upon these findings, it is the opinion of the court that the owners considered the offer and acceptance with the ultimate purchaser, made prior to the listing with the plaintiff-broker, as a legally binding one.
“The court is further of the opinion that ■the owners did not refuse or fail to sell to the purchaser found by the broker because of any reduced purchase price, for the reason that the sale actually made by the owners was considerably less than this purchase price, even after payment of commissions.
“The court is of the opinion that the plaintiff-broker has earned her commission and is entitled to it, since the owners listed the property with her for sale knowing at the time that they were either legally or morally obligated to sell to another and could or would not sell to any purchaser found by the broker.
“It is the opinion of the court that the ■sale to the purchaser found by the broker was not consummated by reason of the failure of the title of the owners since they were at all times legally committed to sell to another.
“In arriving at these conclusions the court has not passed upon the conflicting testimony given by the plaintiff-broker and the attorney for one of the defendants as to the acceptance and signing of the contract by the purchaser procured by the broker.
“It is, therefore,
“CONSIDERED, ORDERED AND ADJUDGED * * etc.
The judgment appealed from is thereupon affirmed.
Affirmed.
LILES, Acting C. J., and HOBSON, J., concur.