223 So.2d 83 (1969)
The KEYES COMPANY, a Florida Corporation, Appellant,
v.
Michael MOSCARELLA, Appellee.
No. 68-1084.
District Court of Appeal of Florida. Third District.
May 27, 1969.
Miller & Miller, Miami, for appellant.
Morton R. Goudiss, Miami Beach, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
PER CURIAM.
The controlling issue presented on this appeal is whether one who together with his wife holds homestead property as an estate by the entireties has the power individually to make an enforceable contract for the services of a real estate broker to procure a purchaser for the property. We hold that such a contract by an individual without the joinder of his wife is enforceable against him if the broker performs his obligation.
The question arose in the following manner. Appellee, Michael Moscarella, and his wife owned an apartment house in which they claimed homestead rights. Moscarella without the joinder of his wife entered into a written agreement with the appellant. The Keyes Company, a real *84 estate brokerage organization. The written agreement bears the heading "Special Sales Service Listing." It is an exclusive listing in which the broker agreed to advertise the property and use its offices to procure a purchaser upon stated conditions. In return the appellee agreed to pay a commission and service fee if the property should be sold during the term of the exclusive listing.
The appellant filed a complaint against the appellee in which it alleged that the appellee and appellant had made the foregoing agreement, that the appellant had complied with the agreement, and that while the agreement was in full force and effect the appellee sold the property but refused to pay the agreed commission. The appellee filed a motion to dismiss the complaint for failure to state a cause of action on the ground that:
* * * * * *
"The property [in question] * * * was not owned by the defendant, MICHAEL MOSCARELLA, at the time of the alleged contract * * * but was owned by MICHAEL MOSCARELLA and EDNA MOSCARELLA, his wife, and the plaintiff has failed to establish that defendant's wife as a fee owner executed or acquiesced in the contractual relationship. See Roy C. Jones v. Atlas Realty Corporation, Fla. App. (1963) 154 So.2d 905."
After giving the appellant an opportunity to allege and prove that the appellee "signed for and on behalf and with the authority of the wife," and after the appellant did not so allege, the trial judge dismissed the cause upon the foregoing ground.
In Jones v. Atlas Realty Corporation, Fla.App. 1963, 154 So.2d 905, Mr. and Mrs. Jones through Atlas made a written offer to Mr. and Mrs. Fellows for the sale and exchange of lands. This offer, which provided that the Joneses pay Atlas a commission, was not accepted by the Fellowses. They made a written counteroffer to the Joneses which also provided that the Joneses would pay Atlas a commission upon closing of the proposed sale and exchange. Mr. Jones signed the offer, but Mrs. Jones did not. Atlas thereupon brought action against Mr. Jones for a broker's commission, basing its claim upon Mr. Jones' breach of the contract between himself and the Fellowses. The appellate court held that the broker was a third party benefifiary of the prospective contract embodied in the counteroffer, but since the counteroffer was never accepted by Mrs. Jones, it was nudum pactum and therefore could not afford Atlas recovery against Mr. Jones. Because of its dissimilarity to the present case, the cited case provided no authority for the trial court's decision in the present case.
The essence of that decision is that an individual may not make an enforceable contract to pay a commission for the services of a real estate broker with regard to the sale of a parcel of real property unless the individual has the capacity to convey title to the property. That holding is contrary to the established rule that a person employing a broker to sell property is liable to the broker for his services regardless of the employer's interest in the property. See cases collected at 12 Am.Jur.2d, Brokers, § 163 at 902; 12 C.J.S. Brokers § 82. Cf. Hartnett v. Fowler, Fla. 1957, 94 So.2d 724, 725.
The fact that the appellee could not make a valid contract to sell the property he listed is not determinative of his liability under the contract he made with the appellant. The contract upon which he was sued is not a contract for the sale of real property; it is one for services in effecting a sale of real property. And the additional fact that the actual sale, which may be a necessary factor in determining the appellee's liability, was accomplished only by the joinder of his wife is not controlling. The condition of the title to real property does not affect the liability to the broker of one who employs the services of a broker. Cf. First National Bank & *85 Trust Co. of Eustis v. Damsel, Fla.App. 1966, 187 So.2d 665.
The judgment is reversed and the cause remanded for further proceedings.
Reversed and remanded.