PEARSON, Chief Judge.
The appellee brought an action against the appellant to recover a real-estate brokerage commission claimed to be due under an exclusive listing of the property and upon the allegation that the broker had produced a purchaser ready, willing and able to purchase the property in accordance with the terms of the listing agreement. The appellant denied all of the allegations of the complaint except the allegation that he had refused to pay the commission. In addition, the appellant filed three paragraphs titled “Affirmative Defenses.” The trial court entered a summary final judgment for the amount of the commission. The judgment was based upon the pleadings and exhibits thereto, *341 and an affidavit of the defendant-appellant in support of his own motion for summary judgment. No depositions or other forms of discovery were in the file.
One of the affirmative defenses is as follows:
“5. As an affirmative defense, Defendant would show unto the Court that the property legally described in paragraph 3 of the Complaint is owned by the Defendant, CHARLES F. BRYAN, and AUDREY S. BRYAN, his wife, as a tenancy by the entirety, and that AUDREY S. BRYAN refused to sign the listing agreement attached to the Complaint as Exhibit “A” and refused to execute the purchase agreement.”
This affirmative defense is the main thrust of the appeal. Appellant urges that because a husband has no authority to bind his wife to the sale of jointly held property and his own affidavit shows that the property was held as an estate by its entirety and that the broker knew of this defect, therefore, the appellee could not recover a brokerage commission. We think that the law is well established in Keyes Co. v. Moscarella, Fla.App.1969, 223 So.2d 83, that a person giving an exclusive listing agreement to a broker is bound even though the property is not owned by him at the time of the exclusive listing agreement. This general rule has been, held to be subject to an exception where the broker had knowledge of his employer’s inability to deliver good title because of a refusal of the co-owner to join in the employment. See Gray v. Blake, 131 Colo. 560, 283 P.2d 1078 (1955); Lovejoy v. Reed, 302 Ky. 153, 193 S.W.2d 1013 (Ky.App.1946).
In determining the propriety of the summary judgment, it is necessary for the court to give the party against whom the summary judgment is entered, the benefit of every reasonable inference from the facts contained in the pleadings, depositions, answers to interrogatories, admissions on file and affidavits. Viewed in this light, we think that there does appear a genuine issue of material fact as to the application of the rule set forth in Keyes Co. v. Moscarella, Fla.App. 1969, 223 So.2d 83.
We recognize that the holding in the Keyes Co. case is contrary to the holding of the District Court of Appeal, Fourth District in Jones v. Atlas Realty Corp., Fla.App.1963, 154 So.2d 905. We do not, however, agree with appellant’s contention that the holding is contrary to that of the Supreme Court in Hensley Ins. Co. v. Echols, 159 Fla. 324, 31 So.2d 625.
In one other particular, we hold that the summary final judgment under review must be reversed. That is because appellant, in his answer, has denied the presentation of a purchaser ready, willing and able to purchase according to the terms of the contract of employment. The record as brought to this court contains no proof of any kind that the purchaser who signed the purchaser’s deposit receipt agreement was able to purchase the property. This may well be a paper issue, but it is not refuted by any fact presented by the record in this case. See Underwriters Insurance Co. v. Sisung, Fla.App.1965, 174 So.2d 461.
We have examined the other points raised by appellant, and in each case find that they do not constitute reversible error. For the reasons set forth, the summary judgment is reversed and the cause remanded for further proceedings in the trial court.
Reversed and remanded.