PER CURIAM.
The trial court entered a summary judgment adverse to a prospective purchaser of real property in favor of a broker employed by the seller.
There were a series of offers and counter-offers. The sellers, husband and wife, held title to the real property involved by an estate by the entireties. The wife failed to fully execute the final contract and, prior to her doing so, the prospective purchaser revoked his final offer. A commission was awarded to the broker because of a provision in the agreement which reads as follows:
J}C % ‡ 5}C ‡
“ * * * It is further agreed that in the event this transaction be not consummated due to any default for failure on the part of the purchaser, the said purchaser shall, in that event, become liable to the broker for his brokerage commission, however, the broker is hereby authorized to demand and to receive from the escrow agent one-half of the deposit herein paid in full satisfaction of his commission, which receipt shall release the purchaser from any further obligation to the broker under this contract * * * ”
% # % ‡
Without deciding whether such a provision is valid, we reverse the action of the trial court in the instant case because it is apparent that the purchaser never secured a binding contract requiring both the sellers to convey the real property involved and, without a binding contract, there could be no default by the purchaser.
Therefore, pursuant to Borinsky v. Cohen, Fla.1956, 86 So.2d 814; Jones v. Atlas Realty Corporation, Fla.App.1963, 154 So.2d 905; Keyes Company v. Moscarella, Fla.App.1969, 223 So.2d 83, we reverse the final judgment here under review with directions to enter a final judgment in favor of the appellant.
Reversed and remanded, with directions.