307 So.2d 491 (1975)
Thomas J. CHASTAIN and Carlee Chastain, Individually and d/b/a Chastain Brothers Ranch, Appellants,
v.
Vivian M. CARROLL, Appellee.
No. 74-556.
District Court of Appeal of Florida, Second District.
February 7, 1975.
John B. Cechman of Goldberg, Rubinstein & Buckley, Fort Myers, for appellants.
John H. Shearer, Jr., Fort Myers, for appellee.
BOARDMAN, Acting Chief Judge.
The appellants, Thomas J. Chastain and Carlee Chastain, entered into a contract to sell certain realty to Bob Paul, Inc. Pursuant to the terms of the written contract, the appellants agreed to pay the broker, appellee, a commission for finding a purchaser. There was no disclosure made at the time of the execution of the contract that any parties owned the realty other than the appellants who signed the contract as sellers. Subsequently, the appellants refused to sell the property because their wives, not parties to the contract, would not agree to the sale. Actually, the realty was owned by appellants jointly with their wives. When appellants refused to pay the commission, appellee filed suit for recovery. Subsequently, appellee moved for a summary judgment which was granted. It is from this judgment that appellants file this timely appeal.
*492 Appellants raise two points on appeal. The first is whether appellants should be held liable for appellee's commission when they alone did not have the capacity to convey the title to the realty in issue. The appellants contend that the law enunciated in Jones v. Atlas Realty Corp., Fla.App.2nd, 1963, 154 So.2d 905, cert. discharged Fla., 162 So.2d 261, is controlling. After careful reading of the cited case we are unable to agree, and point out that the offer made in Jones, supra, was made to Jones and his wife jointly and is an entirely different factual situation than is now before us. Clearly, in Jones, supra, in order to have a valid and binding acceptance, it was necessary for Mrs. Jones to accept the transaction. In the instant case, the appellants held themselves out as the owners of the land. The contract signed by appellants provided that a commission would be paid appellee for securing a purchaser. Appellee found a purchaser who not only signed the contract but who at all times manifested a desire to close the purchase. Appellee relies upon the law of the case of Keyes Co. v. Moscarella, Fla.App. 3rd, 1969, 223 So.2d 83, to support her position. The court in Keyes Co., supra, held:
The fact that the appellee could not make a valid contract to sell the property he listed is not determinative of his liability under the contract he made with the appellant. The contract upon which he was sued is not a contract for the sale of real property; it is one for services in effecting a sale of real property ... The condition of the title to real property does not affect the liability to the broker of one who employs the services of a broker. Cf. First National Bank & Trust Co. of Eustis v. Damsel, Fla.App. 1966, 187 So.2d 665.
We believe appellee's reliance on the law of Keyes Co., supra, is well placed and, for the reasons previously stated, this court's decision in Jones, supra, is clearly distinguishable on facts.
Appellants' second point on appeal is whether there exists a genuine issue of material fact as to whether appellee had knowledge of appellants' inability to deliver good title. Both parties rely upon Bryan v. Justice, Fla.App.3rd, 1971, 247 So.2d 340, which followed the Keyes Co. decision, supra. In Bryan, the Third District Court of Appeal stated:
... We think that the law is well established in Keyes Co. v. Moscarella, Fla.App. 1969, 223 So.2d 83, that a person giving an exclusive listing agreement to a broker is bound even though the property is not owned by him at the time of the exclusive listing agreement. This general rule has been held to be subject to an exception where the broker had knowledge of his employer's inability to deliver good title because of a refusal of the co-owner to join in the employment. See Gray v. Blake, 131 Colo. 560, 283 P.2d 1078 (1955); Lovejoy v. Reed, 302 Ky. 153, 193 S.W.2d 1013 (Ky.App. 1946).
Appellants contend that the exception noted in the excerpt, supra, is applicable and supports this point. We are in accord with Bryan, supra, in its holding that there does exist an exception to the general rule; but, in our judgment, in light of the record before us, the general rule applies and not the exception for we are unable to find any evidence that the appellee knew or had reason to believe that appellants were not the owners of the realty held. Further, we are unable to substantiate appellants' position that appellee had knowledge that appellants' wives were joint owners in the realty. Appellants' affidavits filed in the record failed to support this position. On the contrary, a reading of the record indicates to us that at the time appellants signed the contract the appellee had no *493 knowledge, expressed or implied, that any parties had an interest in the property other than the appellants.
For the above-stated reasons, we
Affirm.
GRIMES, J., and MOE, LEROY H., Associate Judge, concur.