SCHWARTZ, Chief Judge.
After we reversed a summary judgment on liability for the plaintiff broker because there were “genuine issues of material fact,” B.T.I. Freight Sys., Inc. v. R.J. Katz & Co., 614 So.2d 558 (Fla. 3d DCA 1993), the successor trial judge quite unaccountably dismissed the amended complaint with prejudice. We now reverse that determination.
It is clear that the amended complaint appropriately alleged a breach of the parties’ agreement for the broker to recover a commission for producing the lessee “in the event of default by [the] lessor.” See Randolph v. Neeley, 185 So.2d 785 (Fla. 1st DCA 1966). Moreover, in light of the provision of the deposit receipt agreement that the return of the deposit to the potential lessee after a default by the lessor “shall not relieve the lessor” of its obligation to pay the commission, we conclude, contrary to the appellees’ alternative position, that the lessee’s release of the lessor when the deposit was, in fact, returned has no effect on the present dispute.
We agree that the broker’s claim for attorney’s fees under section 448.08, Florida Statutes (1987) was properly stricken. Sing *245 er Prods., Inc. v. Tecnecol, Ltda., 625 So.2d 892 (Fla. 3d DCA 1993).
Reversed in part, affirmed in part.