SCHWARTZ, Chief Judge.
On this, the third appearance of this case before us, see R.J. Katz & Co. v. B.T.I. Freight Systems, Inc., 632 So.2d 244 (Fla. 3d DCA 1994); B.T.I. Freight Systems, Inc. v. R.J. Katz & Co., 614 So.2d 558 (Fla. 3d DCA 1993), we render the third reversal, this time of a summary judgment granted to the individual appellee who was the sole signator of the brokerage agreements sued upon.
Even though he did not own the property in question, it is obvious that, at the least, there are genuine issues as to whether Do Amaral was liable for the commission as the person who employed the broker, see Bryan v. Justice, 247 So.2d 340 (Fla. 3d DCA 1971), cert, denied, 250 So.2d 898 (Fla.1971); Keyes Co. v. Moscarella, 223 So.2d 83 (Fla. 3d DCA 1969); 7 Fla.Jur.2d Brokers § 80 (1978), as the agent for an undisclosed principal, the corporation which was the actual owner, see Humphrey v. Bussey, 99 Fla. 1249, 128 So. 841 (1930); Hohauser v. Schor, 101 So.2d 169 (Fla. 3d DCA 1958), or both.
Reversed.